PHENIX INSURANCE COMPANY v. S. B. BACHELDER.

FILED FEBRUARY 6, 1894. No. 4398.

1. **Pleading:** REPLY: CONFESSION AND AVOIDANCE. A general denial in the reply puts in issue only the truth of allegations of new matter in the answer. Facts in the nature of a confession and avoidance must be specially pleaded.

2. The conclusion announced on a former hearing of this case, 32 Neb., 490, adhered to.

REHEARING of case reported in 32 Neb., 490.

*Fawcett & Sturdevant* and *John P. Davis,* for plaintiff in error.

*A. U. Hancock* and *Reese & Gilkeson, contra.*

POST, J.

This case was under consideration at the January, 1891, term and a reversal of the judgment of the district court ordered for reasons stated in the opinion, which is reported in 32 Neb., at page 490, and to which reference is made for a statement of the material facts.

A rehearing was subsequently allowed on the application of the defendant in error, and the cause again submitted on its merits. The defendant in error on this hearing practically relies upon one proposition, viz.: That by virtue of an agreement with the insurance company he was entitled to a credit on his note for the value of two surrendered policies of insurance; that he was ready and willing to pay the balance thereof whenever notified of the amount of such credit, and that his default is altogether attributable to the neglect of the company. The petition is in the usual form of action on policies of insurance.

The allegations of the answer necessary to be here noticed are: That in consideration of the five years $1,600 policy of insurance the defendant in error paid in cash the sum of $10 and his note in favor of the company for $22, dated August 9, 1886, and maturing August, 1, 1887; that it was stipulated in both the policy and note that in case the latter was not paid in full at maturity the policy would be null and void during the continuance of such default; that at the time of the loss, to-wit, January 27, 1888, said note was due and wholly unpaid.

There is no controversy with respect to the foregoing allegations, except that defendant in error claims that he should have been credited on said note with the value of the surrendered policies.   He makes no claim that such credit was equal to the face of the note, but the difference in favor of the insurance company does not appear from the record.   If the stipulation, whereby the policy should be void during the period of default, is a reasonable provision (and under the authorities cited in the former opinion we cannot doubt that it is), it follows that said policy was not in force at the time of the loss, unless the default can be excused on the ground above stated.

Assuming the facts relied on to be, in law, a sufficient justification of the default, are they available for that purpose under the issues presented in this case?   The distinct allegation of the answer, that the note was wholly unpaid at the time of the loss, was such new matter as by provision of our Code called for a reply. (*Dillon v. Russell*, 5 Neb., 488 ; *Payne v. Briggs*, 8 Neb., 78.)   The only reply we find in the transcript is a general denial, while the facts relied on as a justification are in the nature of an avoidance, which must be specially pleaded.   The only issue presented by the reply was the truth of the allegations of the answer. (*Quick v. Sachsse*, 31 Neb., 312.)   It follows that facts tending to excuse the default were not admissible and cannot be relied on in this proceeding.

2. But if the justification had been specially pleaded, we think the judgment could not be sustained on that ground, for the reason that there appears to be a failure of proof on that issue.   The defendant in error, who was a witness in his own behalf, was not examined on the subject.   The agreement is claimed to have been made by one Weymouth, an agent of the company.   Mr. Fox, another agent, who was present a portion of the time, gave the only evidence tending to sustain that contention.   He was not present when the contract was made, and does not claim to have

witnessed the agreement relied on, but overheard Wey-
mouth tell defendant in error, just as he was leaving the
premises of the latter, that he would figure up the amount
due for the canceled policies and credit it on the note.
But whether that was one of the conditions of the contract
of insurance, or a subsequent voluntary promise for the
benefit of the insured, is a matter of conjecture.

It would seem, too, that in order to excuse payment of
the balance so as to keep the policy in force, it should ap-
pear that the amount of the credit claimed was within the
exclusive knowledge of the insurance company. There
are, however, no facts disclosed which will warrant the in-
ference that the defendant in error could not readily have
computed the value of the policies surrendered, and thus
have ascertained the balance due on his note. We are con-
vinced that the conclusion previously announced is right
and that the judgment should be

REVERSED.