WILLIAM B. HAMILTON v. HOME FIRE INSURANCE COMPANY.

FILED DECEMBER 4, 1894.    No. 5734.

Estoppel: INSURANCE: NOTICE: WAIVER. Knowledge of the existence of a right or defense and the intention to relinquish it must concur in order to estop a party by waiver. Following *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb., 209.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

*John P. Breen,* for plaintiff in error.

*A. S. Churchill* and *Fawcett & Sturdevant, contra.*

RYAN, C.

This action was brought in the district court of Douglas county for the recovery of the sum of $500, the conceded value of the building insured which was afterward destroyed by fire. The policy was issued to cover the interim between November 1, 1887 and November 1, 1890, subject to certain conditions, which were in effect that the policy should lapse by the failure of the insured to pay

any portion of the premium when it fell due; and further, that during default in making such payment the policy should not be in force. At the time the insurance was effected plaintiff gave his note to the defendant for the sum of $10, of which sum $5 represented the premuim on the policy sued upon. This note was due January 1, 1888. On September 7, 1889, the insured building was burned. No proof of loss 'was made, neither was any notice of this fire given until the 11th day of October, 1889. The premium note was on October 19, 1888, left with Daniel O'Connell, a justice of the peace, for collection, and was with others taken out of his hands October 4, 1889, and entrusted to Mr. Thompson, an attorney at law. He, without special instruction, brought suit for the collection of the premium note very soon after, and judgment was thereon rendered October 11, 1889. On the day last named there was paid to John S. Morrison, the justice of the peace by whom the judgment had been rendered, the principal, $10, and $2 interest on the note aforesaid, and $2.55 costs of suit. The amount of the note was at once paid over to Mr. Thompson, and notice and proof of loss was served upon defendant at its general office in Omaha in the afternoon of the same day. This was the first notice or knowledge which the insurance company had that there had been a loss. At once its secretary notified Mr. Thompson of the condition of affairs, by whom the next day the sum of $14.55 was repaid the insured in accordance with directions of the officer above named. After all the evidence had been introduced on the trial, the jury were instructed to find for the defendant, which was accordingly done. From the judgment rendered for costs on this verdict plaintiff prosecutes error to this court. Several questions have been discussed, but it is deemed necessary to consider but one, and that is whether or not there was a waiver by the company of the conditions contained in its policy. In argument it is said that the district judge gave the instruction

to find for the defendant upon a misconstruction of language used in the case of *Phenix Ins. Co. v. Bachelder*, 32 Neb., 490. This misconstruction alleged was in assuming that payment of a note given for the premium on a policy containing conditions such as are above described operated only to revive the policy from and after the time of payment. If this was the theory on which the instruction complained of was given, it is possible that the language referred to was misunderstood, for the contingency herein involved was not in that case, as will readily be seen by a careful examination of the original opinion, as well as that filed on rehearing reported in 39 Neb., 95. What may have influenced the court to instruct the jury to find for the defendant does not now so much concern us as does the proposition whether or not the direction was proper. A careful examination of all the evidence introduced has convinced us that there was no proof that the defendant, with knowledge that a loss had been sustained, enforced payment of the note for the premium. By the terms of the policy it was the duty of plaintiff, if he claimed on the policy, to give notice to the company of a loss within a reasonable time after it was sustained. We do not mean by this to say what would be the effect of a failure to give this notice, but rather to point out that the company had a right to suppose that if no notice of loss had been given, none had probably been sustained. The term for which the insurance was effected had not expired when the note was collected by suit, so that its collection afforded no ground of inference that the company intended to deny its liability, and at the same time collect the premium as though it was liable. The collection of the note was in entire harmony with the rights of the company if no loss had been sustained, and that was the condition of affairs which its officers supposed existed when the note was collected. As soon as knowledge was obtained that a loss had previously been sustained the payment which the company had received

was at once refunded. If this had not been done there would have been some ground for the assumption that the company ratified the collection made with all its incidental consequences. It could not, however, be held to have ratified the waiver of its defenses in respect to an existing loss when the fact of such loss was at the time unknown to it. Knowledge of the existence of a right or defense and the intention to relinquish it must concur in order to estop a party by waiver. (*Henry & Coatsworth Co. v. Fisherdick*, 37 Neb., 209.) On the theory that there was no evidence from which the jury could properly find that the insurance company had waived its right to insist that when the loss occurred the policy was not in force, the instruction to find for the defendant was proper. The judgment of the district court is, therefore,

AFFIRMED.