HENRY LINGONNER v. GLAUCUS S. AMBLER.

FILED MARCH 5, 1895. NO. 6346.

1. **Statutes:** CONSTRUCTION. When two independent statutes are not necessarily in conflict, the later will not be construed as creating an exception to the operation of the earlier.

2. **Animals:** HERD LAW: METROPOLITAN CITIES. The herd law (Comp. Stats., ch. 2, art. 3) is applicable to cultivated lands within the limits of cities of the metropolitan class, notwithstanding the charter of such cities granting power to the mayor and council by ordinance to provide for impounding animals running at large.

3. **Estoppel.** To create an estoppel *in pais* the party in whose favor the estoppel operates must have altered his position in reliance upon the words or conduct of the party estopped.

4. **Animals:** EVIDENCE OF TRESPASS. Evidence *held* sufficient to sustain the verdict.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*David Van Etten,* for plaintiff in error.

*George O. Calder, contra.*

IRVINE, C.

This case originated before a justice of the peace and grew out of the failure of the parties to reconcile between themselves a difference of $2.50. It is true that the constitution guaranties the right to be heard in the court of

last resort in any civil action, but litigants should be in some manner discouraged from taking advantage of this provision in cases where the amount involved is trivial and no question of law of importance to the parties is presented. It should be remembered that the cost bill which the defeated party ultimately has to pay forms but a small por-tion of the real expense of litigation.   The state and the counties, in the way of fees to jurors and salaries of judges and other court officers, bear the great burden of litigation. The crowded condition of the dockets, causing a delay amounting in some cases to a practical denial of justice, is largely due to the persistent prosecution of such cases as this.   Ambler was the owner and resided upon a tract of land within the limits of the city of Omaha, but near the western border thereof.   On a certain Sunday afternoon his rest and meditations were disturbed by observing five black hogs rooting up the blue grass on his lawn.   He called assistance and took up the hogs *damage feasant*.   It turned out that they were the property of Lingonner, who came upon the scene shortly after and inquired the amount of damages which Ambler claimed.   Ambler asked $5.   Lingonner thought this too high and offered $2.50.   The next day Lingonner replevied the hogs.   Ambler served a notice upon him as provided by the herd law, Compiled Statutes, chapter 2, article 3, section 3.   Whether this notice was served before or after the hogs were replevied is doubtful, but we do not think important.   Ambler had judgment before the justice, and again on appeal in the district court, the value of his interest being found in the latter court at $5.   From this judgment Lingonner prosecutes error.

The principal question presented is that of the applicability of the herd law to cities of the metropolitan class. The plaintiff in error contends that the law is not applicable to such cities and that as to them it has been superseded by the city charter, Compiled Statutes, chapter 12a, section 34. The section referred to gives the mayor and council power

to prohibit or regulate the running at large, or the herding
or driving of domestic animals within the corporate limits,
and to provide for the impounding of all animals running
at large, herded, or driven contrary to said prohibition ; and
also for the forfeiture and sale of animals impounded to pay
the expenses of taking up, caring for, and selling the same.
We think this statute in nowise limits the operation of the
herd law. In the first place, our present herd law was intended
to provide a general law for the state, and to supersede a
number of special and local acts theretofore existing on the
subject.   Its title is "An act for a general herd law to pro-
tect cultivated lands from trespass by stock." (Laws, 1871,
120.)   The law was certainly intended to apply generally
throughout the state, except in certain counties then unset-
tled and especially exempted from its operation.   It is,
therefore, applicable to lands within cities unless the section
of the charter of metropolitan cities already referred to op-
erated as an implied amendment.   Leaving out of consid-
eration the question as to whether the legislature, in an act
for the incorporation of cities, could, under our constitu-
tional provision, by implication amend another general law
such as the herd law, we do not think that the charter
should be construed as such an amendment.   Repeals by
implication are not favored, and a later act will not be
construed as repealing, by implication, a former act where
it is possible that they may stand together.   The same rule
obtains in regard to implied amendments which would have
the effect of carving out exceptions to the former law.
There is no necessary conflict between the herd law and the
charter provision.   The former was designed to protect
owners of cultivated lands from the depredations of do-
mestic animals and to afford an adequate and speedy civil
remedy therefor by way of creating a lien on the stock do-
ing the damage, and providing an easy method of its en-
forcement.   Section 34 of the charter is plainly a police
regulation giving to the mayor and council power to pro-

tect the public against the excursions of domestic animals and authorizing the sale of animals impounded, not for the payment of any damage to individuals, but solely to defray the expense of enforcing the ordinance adopted under the grant of power conferred by the act.

It is next urged that the defendant was estopped from claiming the statutory lien because of a statement made by him to the plaintiff in the conversation during which the disagreement arose as to the amount of damages. The story is thus told by the plaintiff as to what occurred: "I say, 'How you do, Mr. Ambler? You sent your man over;' and I said, 'I heard you sent your man over, and that you had some of my hogs taken up.' No, I say this way: 'You send your man. I heard you got some of my hogs taken up;' and Mr. Ambler say, 'Yes, they yours;' and I say, 'How did you get them?' He say, 'I got them right out of your pasture, and drive them into my yard, and pen them up.' I say, 'Did they done any damage at the time you drive them over and pen them up?' He say, 'No, they didn't do a great deal of damage.' I say, 'What you want from your trouble?' He say, 'I want five dollars to-day and ten dollars to-morrow.' I say, 'No, that too much; not $2.50 enough?' He say, 'No, I got edge of you now. Last summer your cow was in my granary, and I got the edge of you now.' I say, 'If you won't take $2.50, that is all right.'" Ambler admits that he told Lingonner that he had driven the hogs out of the hog pasture into his own yard, but says he considered Lingonner's question so ridiculous that he made this answer by way of a joke. We presume that even Mr. Ambler will not now insist that this was a very brilliant piece of humor, but we cannot agree with the plaintiff that the punishment for it should be by holding him estopped from now claiming the fact to be otherwise. To constitute an estoppel *in pais* the party in whose favor the estoppel operates must have altered his position in reliance upon the conduct of the

other party. It is very evident that Lingonner did not rely upon Ambler's statement, for according to his own testimony he immediately inquired about the damage and offered to pay $2.50 in satisfaction.

It is urged that the judgment must fail for want of proof of the value of the hogs. The point made is that while Ambler's interest must be limited to the damage sustained by him, still, if the hogs themselves had a value less than that damage, his interest would also be limited by the value of the hogs. The point is not important, because the plaintiff alleged in his petition that the hogs were of the value of $25, and he is estopped by that averment.

It is argued also that the evidence is insufficient to show that the hogs were trespassing, and that it is insufficient to establish the damages allowed. These points involve no question of law and we shall not discuss the evidence on the subject. We think it is sufficient on both points.

JUDGMENT AFFIRMED.