M. C. RETTNER v. MINNESOTA COLD-STORAGE COMPANY.[1]

January 23, 1903.

Nos. 13,264—(230).

**Negligence—Temperature.**

> In an action to recover for damages to property stored in defendant's cold-storage plant, and alleged to have been practically destroyed by the latter's negligence, in which plaintiff had a verdict, certain assignments of error considered, and *held* not well taken.

Action in the district court for Ramsey county to recover $380.25 damages sustained by plaintiff through defendant's negligence with respect to certain celery stored in defendant's warehouse. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. M. Catlin*, for appellant.

*Warner & Lawrence*, for respondents.

COLLINS, J.

The plaintiff in this action had a verdict in the court below for the full amount claimed in his complaint, and the appeal is from

[1] Reported in 93 N. W. 120.

an order denying defendant's motion for a judgment notwithstanding the verdict, or for a new trial.

The case is simple, and the points made on appeal need very little discussion. The complaint sets up a cause of action for damages arising out of defendant's neglect to keep its cold-storage plant, in which plaintiff had stored celery, at an even and uniform temperature, at from 34 to 38 degrees above zero, Fahrenheit, as it was alleged it had agreed to do, whereby the celery had been wholly spoiled and made worthless. It was also averred that it was necessary, in order to keep celery in storage, that the temperature be held evenly, and not below freezing, and not materially above 38 degrees Fahrenheit, which fact it was alleged was well known by the defendant during all of the time the celery was in its possession.

The plaintiff failed to prove an express agreement to keep the celery at the temperature first above specified, and was obliged to abandon that allegation. When he attempted to show the proper temperature for celery in cold storage, the court below made a ruling which caused his counsel to offer to amend his complaint by striking out the allegation as to an express agreement in respect to the temperature. To this, counsel for the defendant objected, and moved to dismiss the cause upon the ground that the action was "for breach of contract," and that it could not be maintained because this express contract had not been established by the proofs. The motion was denied, and the parties then proceeded with the case.

There was no error in the denial of this motion. Independently of the allegation in the complaint, which was the basis of the motion, a cause of action was alleged arising out of a contract but sounding in tort. No amendment was necessary to the complaint in order for plaintiff to recover. Failing to prove the express contract, the plaintiff could rely upon an implied contract properly to care for the article stored.

This implied contract arose from the fact that the defendant as a warehouseman received the celery for storage. His counsel complains of a ruling of the court whereby a newspaper advertise-

ment published by the defendant was admitted in evidence. This advertisement, after suggesting to its readers that they store butter and eggs with defendant company, announced "uniform temperature," "duplicate machinery." We fail to see wherein it was error to admit this advertisement in evidence. It announced that the plant of the defendant storage company was of uniform temperature, and, while it referred to butter and eggs, there was nothing about it which indicated that butter and eggs only would be received in storage. A person having other articles requiring uniform temperature would have a right, when he took the articles for storage, in the absence of notice to the contrary, to rely upon the published assurance that the temperature in which such articles were to be kept was uniform. But, if this were not so, the admission in evidence of the advertisement was error without prejudice. In view of the fact that the sharp issue in this case, at the trial, was whether, as claimed by plaintiff, the defendant's manager was assured by him that the temperature was and would be uniform, or whether, as claimed by defendant company, the plaintiff was notified that the temperature was not uniform, but that the plant was allowed to run down at night, the advertisement did not prejudice defendant. The issue above mentioned was clearly submitted, and on this issue the verdict was in plaintiff's favor.

After the celery had been in defendant's possession a few weeks, and before it was appreciably injured, plaintiff visited the room in which it was stored, and discovered that the temperature was about 50 degrees above,—altogether too high for celery. It is contended by defendant's counsel that the plaintiff cannot recover because he was "guilty of contributory negligence" at that time; that by failing to remove his goods he assumed the risk of loss, must be presumed to have assented that the goods should be kept in such temperature, and cannot recover damages. The general rule upon which counsel relies, that a bailor, upon learning that a bailee has exposed his property to injury, must use ordinary prudence to protect himself from additional injury, is well known, and is applicable in ordinary cases of bailment. Whether it is strictly applicable here we need not decide, for it fairly appears

from the evidence that plaintiff called the manager's attention to the temperature, and it was for the jury to determine whether more was required of him. The jury was warranted in finding this to have been ordinary care under the circumstances, for the law did not impose upon plaintiff the absolute duty of removing the stored goods. It did impose upon him the necessity of notifying the defendant company of the conditions.

We need not discuss the case further, and the order appealed from is affirmed.