[No. 10537.    Department One.    December 6, 1912.]

## W. H. GAFFORD, *Respondent*, v. GLOBE TRANSFER AND STORAGE COMPANY, *Appellant*.[1]

EVIDENCE—ORAL EVIDENCE—CONTRACT NOT EXPRESSED IN WAREHOUSE RECEIPT. Where a warehouse receipt was signed by only one of the parties and mailed to the owner of the goods, oral evidence is admissible to prove an oral agreement as to the place where the goods should be stored and that the receipt did not express the agreement.

BAILMENT—WAREHOUSEMEN—SPECIAL CONTRACT — BREACH—WAIVER—QUESTION FOR JURY. It is for the jury to determine whether a bailor's failure to remove goods amounted to a waiver of a special agreement whereby a warehouseman agreed to store goods on the fourth floor of a building, where the bailor, observing them on the first floor, told the manager that the goods were not stored according to agreement, and protested that the first floor was not a good place to store them.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 7, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.    Affirmed.

*Totten & Rozema*, for appellant.

*Walter S. Fulton* and *Arthur P. Redman*, for respondent.

Gose, J.—This is an action to recover damages flowing from an alleged breach of a contract of bailment. The plaintiff prevailed in the court below, and the defendant has appealed.

The admitted facts are, that the appellant was conducting a general storage and warehouse business, in the city of Seattle; that, on the 1st day of September, 1910, it received the respondent's household furniture, goods, and effects in storage in its warehouse, and that they were subsequently damaged by fire on the first floor therein. The respondent offered evidence to the effect that there was an express oral

[1]Reported in 128 Pac. 228.

contract that the goods should be stored on the fourth floor of the warehouse, and that pursuant to that arrangement he delivered the goods to the appellant for storage. On the 8th day of September, the appellant mailed a warehouse receipt to respondent, which recites, among other things:

"Receipt for goods stored . . . at 530 First Avenue South. Seattle, September 1, 1910.

"Received in storage from W. H. Gafford the goods and property enumerated below to be stored and delivered at this warehouse upon return of this receipt, properly endorsed, and payment of charges," etc.

The receipt was received by the respondent in due course of mail. Some six weeks or two months later, the respondent was in the warehouse, observed that the goods were stored on the first floor, and says that he told the appellant's manager that the goods had not been stored according to the agreement; that he was not satisfied with the place where they were stored; that the manager said: "Isn't that a good place to store them?" and that he replied, "No," and protested against it. The manager testified that the respondent on that occasion asked him "why the goods were stored there;" that he explained the reason, and that the respondent "made no protest at the time." The case was tried to a jury and the correctness of the instructions is not questioned.

The appeal presents two questions: (1) Was parol testimony admissible to prove a contract to store the goods on the fourth floor? and (2) if so, Did the respondent as a matter of law waive the right to stand upon his contract?

We think the respondent was entitled to prove the actual contract. He stored the goods pursuant to that arrangement. He asserts that the warehouse receipt which was mailed to him after he had stored his goods does not express the contract. *Windell v. Readman Warehouse Co.*, 30 Wash. 469, 71 Pac. 56; *McCurdy v. Wallblom Furniture & Carpet Co.*, 94 Minn. 326, 102 N. W. 873; 4 Am. & Eng. Ency. Law (2d ed.), 519. In the *Windell* case, the warehouse receipt

was mailed to the bailor after the goods had been received in storage. There, as here, the bailor was permitted to prove the actual contract. The bailee objected to the testimony on the ground that it tended to vary and contradict the terms of the warehouse receipt. In passing upon the admissibility of the evidence, the court said:

"But the warehouse receipt was written and signed by only one of the parties, and it must embody the real contract made between the parties. . . . The warehouse receipt must be based upon the agreement of the parties, or assented to by the plaintiffs. If an oral contract has preceded it, its terms must be embodied in the receipt. The vital question, then, is one of fact. The evidence was heard and weighed by the jury under proper instructions from the court. If the evidence on the part of the plaintiffs is believed, an oral contract was made, and its terms are not embodied in the receipt, and the terms contained in the receipt were not understood or assented to by plaintiffs."

This is but another way of saying that, if the plaintiff's testimony was true, the minds of the parties met upon the oral contract and did not meet upon the matter embodied in the warehouse receipt. It is argued that the *Windell* case is not authority in the case at bar, for the reason that it appeared there that the bailor did not read the receipt, and that there is no such evidence here. It suffices to say that that was not made the basis of the opinion. In the *McCurdy* case, the bailor delivered his goods to the warehouse designated by the bailee. Thereafter the bailor was given a warehouse receipt in conventional form, but which did not specify where the goods were to be kept. Subsequently the bailee transferred the goods to another house, where they were destroyed by fire. In a suit for conversion, an instruction was approved in which the court charged the jury as a matter of law that the bailee obligated himself to keep the goods stored in the building in which they were received, because, as the court said: "The undisputed facts show a specific agreement to store in a designated place," made before the issuance of the warehouse receipt.

Coming to the question of waiver, it is clear that the court would not have been warranted in charging the jury as a matter of law that the respondent had waived his right to insist upon the observance of the terms of the bailment. The question of waiver is one of intention.

"A waiver is the intentional relinquishment of a known right, and there must be both *knowledge* of the existence of the right and an *intention* to relinquish it." *Hoxie v. Home Ins. Co.*, 32 Conn. 21, 85 Am. Dec. 240.

See, to the same effect, *Fairbanks, Morse & Co. v. Baskett*, 98 Mo. App. 53, 71 S. W. 1113; *Stewart v. Crosby*, 50 Me. 130; *Hamilton v. Home Fire Ins. Co.*, 42 Neb. 883, 61 N. W. 93; *Rettner v. Minnesota Cold-Storage Co.*, 88 Minn. 352, 93 N. W. 120. The *Rettner* case was an action for damages for the failure of the bailee to keep a cold storage plant, in which the plaintiff had stored celery, at an even, uniform, and proper temperature. The plaintiff visited the room in which the celery was stored before it was appreciably injured, discovered that the temperature was too high for celery, and called the attention of the defendant's manager to that fact. It was contended that his failure to remove his goods operated as a waiver and an assent that the goods should be kept at such a temperature. It was held that it was for the jury to determine whether there was a waiver, and that the law did not charge the plaintiff with the absolute duty of removing his goods. In *Minor v. Edwards*, 12 Mo. 137, 49 Am. Dec. 121, cited by the appellant, in speaking of the question of an intention to waive a right, the court said:

"If there be a question of intention in the case, whether it be upon a matter of waiver, or other analogous subject, it is undoubtedly the province of the jury to pass upon this as one of fact."

There are doubtless cases where the court would be warranted in charging the jury as a matter of law that there had been or had not been a waiver. This, however, is not

such a case. The question was for the jury, and it has re-solved against the appellant.

The judgment is affirmed.

MOUNT, C. J., CROW, PARKER, and CHADWICK, JJ., concur.