## FRED LISKE V. STATE OF NEBRASKA.

FILED APRIL 25, 1930. No. 27393.

*Emil F. Lucky* and *M. O. Cunningham,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle, contra.*

HEARD before GOSS, C. J., ROSE, DEAN, GOOD and DAY, JJ., and JAMES and WRIGHT, District Judges.

DEAN, J.

Fred Liske was informed against in Platte county,

December 23, 1929, and there charged with having had in his possession a quantity of intoxicating liquor. The defendant pleaded guilty, and it is shown by the record that this was at least his third offense. Thereupon the defendant was sentenced, pursuant to section 3288, Comp. St. 1922, to imprisonment in the state penitentiary for one year. Subsequently a "motion to correct sentence" was filed, and therein defendant contends that he should have been sentenced under chapter 77, Laws 1929, as a first offender only, the argument being that the court "was without power to enlarge said punishment except for convictions had subsequent to the adoption of said act." The court overruled the defendant's motion, and he prosecutes error.

The information charged that defendant "was on the 24th day of September, 1919, prosecuted and found guilty in the county court of Platte county, Nebraska, of a violation of one of the provisions of the liquor laws of said state, known as chapter 33 of the Compiled Statutes of Nebraska for 1922; and the said Fred Liske was on the first day of December, 1924, found guilty in the district court for Madison county, Nebraska, of a second violation of one of the provisions of chapter 33 of the Compiled Statutes of Nebraska for 1922; and the said Fred Liske was on the 22d day of September, 1925, prosecuted and found guilty in the district court for Platte county, Nebraska, of a third violation of one of the provisions of chapter 33 of the Compiled Statutes for 1922; and the offense charged in this first count of this complaint (the present case) is at least the third offense of the said Fred Liske against one of the provisions of chapter 33 of the Compiled Statutes of Nebraska for 1922."

The defendant's argument is that section 3288, Comp. St. 1922, under which he was sentenced, was amended by chapter 77, Laws 1929, and that all laws in conflict with chapter 77, including section 3288, were repealed. But the argument does not appeal to us. The above chapter 77 amends only section 3239, Comp. St. 1922, commonly known as the "bootlegging" statute, and the amended act does not

refer to any other section of the liquor laws, nor does it conflict with any other section thereof. The defendant's argument appears to be that section 3239, as amended, is a bar to his conviction for a third offense, in that the first and second offenses were committed prior to the amendment of this act. But inasmuch as the defendant was not informed against under section 3239, as amended, he could not, of course, be lawfully sentenced thereunder. The defendant was informed against under section 3247, Comp. St. 1922, which relates to unlawful possession of intoxicating liquor, and he was properly sentenced under section 3288, which covers all penalties for liquor violations except where some other penalty is expressly provided, as in section 3239, relating to "bootlegging."

In an opinion by Judge Irvine, we said: "Repeals by implication are not favored, and a later act will not be construed as repealing, by implication, a former act where it is possible that they may stand together." *Lingonner v. Ambler,* 44 Neb. 316. And in *State v. Omaha Elevator Co.,* 75 Neb. 637, the rule announced in the *Lingonner* case was adhered to. We think the present case comes within the rule above cited.

In view of the statute and of the decisions cited herein, we conclude that the judgment of the district court is right and must be and it hereby is in all things

AFFIRMED.