JOHN D. MACFARLAND v. WEST SIDE IMPROVEMENT
ASSOCIATION.

FILED OCTOBER 5, 1898.   No. 7635.

1. **Corporations:** ACTION AGAINST SUBSCRIBER TO STOCK: DEFENSE:
PLEADING: EVIDENCE.   Where, in a suit by a corporation against
a subscriber to its stock to recover his unpaid subscription, the
defense is that the entire capital stock was not subscribed, a
reply which avers that the defendant waived the non-payment of
the entire stock is good as against a demurrer.   Such a plea is
not a conclusion of law, but the averment of an ultimate fact,
included in which are all the ingredients which constitute waiver.

2. ———: ———: ———: ———: ———.   Under such a plea the acts
and omissions of the defendant which tend to show, or from
which may be inferred, an intention on his part to waive sub-
scription of the entire capital stock are competent and relevant.

REHEARING of case reported in 53 Neb. 417.

*Lambertson & Hall* and *A. G. Greenlee,* for plaintiff in
error.

*Ricketts & Wilson, contra.*

RAGAN, C.

This is a rehearing of *Macfarland v. West Side Improve-
ment Ass'n,* 53 Neb. 417, in which we affirmed a judgment
of the district court rendered in favor of the association
against Macfarland.   The action was brought by the
association against Macfarland on a contract of subscrip-
tion to its capital stock.   His defense was that the entire
capital stock had not been subscribed.   On the former
hearing we held that he had estopped himself by his
conduct from interposing this defense, and beyond all
question the evidence in the record sustains this holding,
as will appear from a *résumé* thereof in the former opin-
ion.   But it is insisted by Macfarland that the petition of
the association does not state a cause of action and will,
therefore, not sustain the judgment.   We think it does.
The petition, after alleging the incorporation of the plain-

tiff, the purposes for which it was incorporated, the amount of its capital stock and Macfarland's subscription thereto, recites: That the full amount of the capital stock had not been subscribed, but that "the defendant waived this defense by participating in the execution of the main design for which the company was organized, and is, therefore, estopped to rely on the defense that the whole of the capital stock was not subscribed;" that the corporation, relying upon the subscription of Macfarland and its other assets, entered into contracts aggregating $105,000 for the construction of buildings, the construction and ownership of which were the purposes for which the corporation was organized.

It is true that the petition does not set out the specific acts or conduct of Macfarland which we held estopped him from interposing the defense that the capital stock was not all subscribed, but it does allege that he waived this defense. This plea was good as against a general demurrer. It is not a conclusion of law, but is the statement of an ultimate fact. If Macfarland desired the petition to state what the pleader claimed he had said or done which amounted to a waiver of his defense, he should have submitted a motion to the petition. Waiver is the intentional relinquishment of a right or privilege. It was the right of Macfarland to have all the stock subscribed before being liable on his subscription, but this was a right which he could waive; and the averment of the petition is in effect the same as if it had alleged in express words that Macfarland intentionally relinquished his right to have all the stock subscribed. Of course, when it is claimed that a party has waived a right, it must appear that he knew he had such right; otherwise he could not have intentionally relinquished it. But whether in such a case a party knew that he was possessed of a right is a question of evidence, and we are dealing with a question of pleading; and when the pleader avers that Macfarland waived his right, included in that averment are all the ingredients which constitute

waiver. Contrary to the common-law rule, pleadings under the Code are to be liberally construed. (Code of Civil Procedure, sec. 121.) If the averment is that A went from the city of Lincoln to the city of Omaha, this is the statement of a fact. The means employed by him for going are included in the statement that he went. If A sues an officer, alleging that he seized and sold on judicial process his horse which was exempt, and the officer answers that the allegations are true, but that A waived his exemption, this plea is good as against a demurrer. In the case at bar, if Macfarland waived or relinquished his right to have the full amount of stock subscribed before he should become liable upon his contract, then his estoppal to assert that defense followed as a conclusion of law from his waiver. So that the whole question here is whether the petition avers that Macfarland did waive or relinquish his right to have the whole amount of the stock subscribed. In express language, it does aver that he did waive and relinquish that right; and to make the petition good as against a demurrer it was not necessary that the pleader should state the specific things done or omitted to be done by Macfarland which constituted that waiver; and under this allegation the pleader might introduce evidence of the acts and omissions of Macfarland which tended to show, or from which might be inferred, an intention on his part to relinquish the right or defense. In *Omaha & R. V. R. Co. v. Wright*, 49 Neb. 457, the petition alleged "that the defendant carelessly and negligently * * * ran their engine and train over * * * plaintiff's stock" injured it, etc., and it was held that this general allegation of negligence was good as against a demurrer; that under the averment evidence of any fact which contributed to the injury sued for was competent and relevant.

We adhere to the former opinion, and the judgment of the district court is

AFFIRMED.

RYAN, C., not sitting.

NORVAL, J.

I dissent. In the former opinion it was ruled that the defendant by his conduct estopped himself from urging the defense that the entire stock was not taken, and it was upon that ground alone that the judgment of affirmance was based. The sole proposition necessary to be considered by the court on the present submission is whether an estoppel or the waiver by the defendant of the right to assert that the stock had not all been subscribed is sufficiently raised by the pleadings to be available to the plaintiff below.

It was determined in the former hearing herein, following the earlier decisions of this court, that the entire amount of capital stock of a corporation must be subscribed before action can be maintained against a subscriber to recover assessments thereon, except where the law or charter authorizes the corporation to proceed with its ultimate object or purpose with a less subscription, or the subscriber has either waived this condition precedent, or estopped himself from asserting that the whole capital stock had not been taken. And in *Livesey v. Omaha Hotel Co.*, 5 Neb. 50, a case similar to the one at bar, it was expressly decided that the capital stock required by the charter of a corporation must be wholly subscribed as a condition precedent to the bringing of an action to recover the assessments levied on a stock subscription, and in such an action the plaintiff must aver the performance of such condition precedent, or set up the facts essential to show a waiver thereof by the defendant so as to fix his liability without such performance. In the light of these principles, which are firmly established in the jurisprudence of this state, I will proceed to an examination of the petition of plaintiff in the trial court. It contains the following: "While it is true that the entire amount of capital stock described in the articles of incorporation was not subscribed, the defendant waived this defense by participating in the execution

of the main design for which the company was organized, and therefore estopped to rely on the defense that the whole of the capital stock was not subscribed." This is the sole averment in the petition upon the subject of waiver and estoppel. It will be observed that the plaintiff admits in its pleading that the entire capital stock in the proposed corporation had not been subscribed at the time this suit was instituted, so that, under the authorities to which reference has already been made, the petition is fatally defective, unless the allegation therein quoted above is a sufficient plea of either a waiver or estoppel. Conceding, without deciding the point, that the paragraph of the pleading under consideration is an allegation of ultimate facts and not merely the statement of a conclusion of law, as argued by counsel for defendant, it is not a valid plea of waiver or estoppel. The statement "the defendant waived this defense," treated as a sufficient plea, if standing alone, most certainly cannot be regarded when read in connection with the language "by participating in the main design for which the company was organized." This phrase modifies the portion of the remainder of the sentence in which the same appears, so that the plea of waiver consists alone in Macfarland participating in the principal object of the corporation, and that, too, without knowledge that all the stock had not been taken. There is no averment in the entire pleading, nor is there a scintilla of evidence, that the defendant had knowledge that the full amount of capital stock had not been subscribed, nor is any fact alleged from which it can be inferred that the corporation, or any one dealing with it, relied upon the action or conduct of the defendant. The facts constituting an estoppel *in pais* must be pleaded. (*Schribar v. Platt*, 19 Neb. 625; *Norwegian Plow Co. v. Haines*, 21 Neb. 639; *Erickson v. First Nat. Bank of Oakland*, 44 Neb. 622.) This court has frequently held that knowledge of the existence of a right or defense and the intention to relinquish the same are indispensable to create an estoppel by

waiver. (*Livesey v. Omaha Hotel Co.*, 5 Neb. 50; *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb. 227; *Hamilton v. Home Fire Ins. Co.*, 42 Neb. 883.) It is an essential element of estoppel *in pais* that the party to be benefited by the estoppel must have altered his position in reliance upon the words or conduct of the party estopped. (*Lingonner v. Ambler*, 44 Neb. 316; *Nash v. Baker*, 40 Neb. 294; *Hager v. Cleveland*, 36 Md. 476.) "A subscriber who attends meetings and participates in the organization waives the defense that the full capital stock has not been subscribed; but if he does so without knowledge of the fact that the full capital stock has not been subscribed, he does not waive such defense." (1 Cook, Stocks & Stockholders sec. 181, note; see *Cabot v. Chapin*, 6 Cush. [Mass.] 50; *International Fair & Exposition Ass'n v. Walker*, 88 Mich. 62.)

In the last preceding case Champlin, C. J., speaking for the court, said: "There is no dispute upon the testimony in this record that the defendant attended what was considered as a meeting of the subscribers to the capital stock, which included those who had joined in the organization, and others like him, who had agreed to subscribe for and take stock in the corporation. He acted, to all intents and purposes, as a stockholder upon the occasion, and for the purpose of considering a corporate act. I think there can be no question but that the corporation recognized him as a stockholder and member, and that he recognized that relation himself. The estoppel, so far as membership is concerned, is mutual and binding upon both parties; but whether he is liable to assessments depends upon other considerations. He was not liable to be assessed upon his stock, unless he has waived the condition upon which such assessments in a corporation like this are based, and that is that the whole capital stock must first be subscribed. (See Michigan authorities before referred to.) Did he intend by what he did to waive that condition? The burden of proof is upon the plaintiff to show waiver. The plaintiff

must show that the defendant had knowledge of the facts from which the intention can be inferred to waive the right given him by law. Waiver is voluntary, and implies an election to dispense with something of value, or forego some advantages which he might, at his option, demand or insist upon. * * * Whether the defendant intended to waive the requirement that all the stock should be subscribed before he should be called upon to pay would depend upon the knowledge which he had that it had not all been subscribed, and, further, upon the act and conduct of defendant tending to show that he was willing and desirous that the main purposes of the corporation should be proceeded with without such stock being subscribed."

In *Portland v. Spillman*, 32 Pac. Rep. [Ore.] 688, the court, in the opinion, uses this language: "It does not appear, nor is it claimed, that at the time of such waiver of notice, or participation in the stockholders' meeting, he knew that the required amount of stock had not been subscribed; and without such notice it is not perceived how he can be said to have waived the condition of his subscription." The same doctrine was stated and applied by this court in *Livesey v. Omaha Hotel Co.*, 5 Neb. 50. GANTT, J., delivering the opinion, says: "Now, the corporation, with full knowledge of the condition precedent contained in the subscription contract and of that in the charter, and in violation of this condition in the contract, has proceeded to assess the shares of stock, and it is insisted that the plaintiff in error by his acts has waived his immunity from liability to pay such assessments. In other words, the proposition contended for is, in effect, that these acts of the plaintiff in error are equivalent to an assent by him to the unauthorized proceedings of the corporation, and therefore he is estopped from claiming the rights he had under the contract. It is said that 'a waiver is the intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and an intention to relinquish

it.' There is a total failure of proof showing that the plaintiff in error acted with knowledge of the fact that a deficiency remained in the capital required by the charter, and the facts shown by the record are not sufficient to show an intention to waive the rights of the party."

I am fully persuaded that the petition fails to set forth sufficient facts to constitute a waiver or an estoppel, in that it is not averred that Macfarland knew that the whole capital stock had not been subscribed and that the conduct of the defendant was relied upon and induced action. There is no allegation that the articles of incorporation contained a provision authorizing the corporation to proceed to do business before the full amount of stock was subscribed. It is true the contract of subscription is set out in the petition, but there is no statement therein that the corporation was to proceed with the execution of its main purpose when a portion of its stock was subscribed, nor does it contain any language indicating an intent that the subscribers should be bound to pay their subscription until the whole capital should be taken. The sufficiency of the petition was not assailed for the first time in this court, since the defendant objected in the court below to the introduction of any evidence on the ground that the petition failed to state a cause of action against him. The judgment of the district court is wrong and should be reversed.