DAVID COHEN vs. THE HOME INSURANCE COMPANY, a corporation of the State of New York.

PLEADING—REPLICATION—DEPARTURE.

In an action in debt on an insurance policy, wherein plaintiff filed a narr. alleging performance of the covenants of his contract to take an itemized inventory of his stock and deposit it in an iron safe, and in his replication admitting a nonperformance of one of such covenants, and attempting to excuse his nonperformance of the other by averring a waiver thereof on the part of defendant, such replication was a demurrable departure from the allegations of the narr.

(*June* 14, 1915.)

Judges RICE and HEISEL sitting.

*Robert H. Richards*, *Aaron Finger* and *T. Allen Goldsborough* (of the Maryland Bar) for plaintiff.

*Richard S. Rodney* (of *Saulsbury, Morris and Rodney*) and *Enos H. Stockbridge* (of the Maryland Bar) for defendant.

Superior Court, New Castle County, May Term, 1915.

ACTION IN DEBT (No. 71, January Term, 1915) by David Cohen against the Home Insurance Company, a corporation of New York.

Argument on defendant's demurrer to plaintiff's replication, it being contended that in the latter there was a departure from the allegations in the declaration. Demurrer sustained.

RICE, J., delivering the opinion of the court:

Demurrer filed by the defendant to two replications filed by the plaintiff.

It appears from the pleadings that David Cohen, the plaintiff, brought an action in debt against the Home Insurance Company, and filed a narr. containing three counts.

In the first count he claims damages for loss by fire, to the stock of goods in his store and declares on a policy of insurance dated September 15, 1913. He avers that he did on his part duly observe and fulfill all terms and conditions set forth.

In the second count he declares on a policy of insurance dated November 1, 1913.

The third count is based on both policies of insurance set forth in the former counts and also avers performance of conditions on the part of the plaintiff.

Defendant in its second plea alleges a breach on the part of plaintiff in that he did not perform his covenant to take an itemized inventory of his stock within thirty days of the issuance of the policy. The fifth plea in addition to alleging that the plaintiff did not take the inventory also alleges that the inventory was not placed in an iron safe as he covenanted to do.

The plaintiff in his replication to the second and fifth pleas avers that on or about the twentieth day of October, 1913, the

defendant's agent inspected the plaintiff's stock of goods, and the plaintiff made application for additional insurance of four thousand dollars, whereupon defendant's agent suggested that he make an inventory of the stock to enable the defendant to ascertain whether or not it would issue the aforesaid additional insurance; the plaintiff made and completed the inventory on November 3, 1913, and submitted it to defendant and the defendant issued to the plaintiff the additional insurance. In the replication to the fifth plea the plaintiff also claims that the inventory then taken was placed in an iron safe.

As we understand the pleadings there is no contention on the part of the defendant that the inventory was not taken within thirty days of the issuance of the additional insurance policy on November 1, 1913.

The defendant claims that there is a departure in the plaintiff's pleadings in that he has in his narr. alleged performance of the covenants and in his replication in effect admits a nonperformance as to one covenant and attempts to excuse his nonperformance by substantially averring a waiver on the part of the defendant.

In determining this question we think we can do no better than to quote from several recognized authorities on the subject of departure in pleadings.

In *Chitty's Pleading, page* 557, in referring to departure the following language is used:

"It is a settled rule, that the replication must not depart from the allegations in the declaration in any material matter, a rule which equally affects rejoinders and subsequent pleadings. A departure in pleading is said to be where a party quits or departs from the case or defense which he has first made, and has recourse to another, and may occur in a replication, rejoinder or other subsequent pleading, it is when his replication or rejoinder contains matter not pursuant to the declaration or plea, and which does not support and fortify it."

And the following example is given:

"So in an action of debt on bond, conditioned for performance of covenants, if the defendant pleads performance, and the plaintiff reply and assign a breach, the defendant cannot rejoin in any matter in excuse of performance."

In *Gould's Pleading* at *page* 424 is found the following statement:

> "If in covenant broken, the defendant pleads performance in general terms, and the plaintiff replies nonperformance of a particular act, a rejoinder, that the defendant was ready to perform and tendered performance, and that the plaintiff prevented it, is a departure from the plea."

The plaintiff claims that the principles of pleading covering actions on insurance policies are different from the ordinary principles of pleading and in support of his claim cites several cases, but as they are cases decided under Code pleading and not under common-law pleading, we cannot accept them as authorities in this state where common-law pleading is followed.

We are of the opinion that the plaintiff in his replication has departed in matters material from his allegations in the narr. and therefore we sustain the demurrer.