GEORGE W. JONAS AND E. L. GARRETSON, PARTNERS DOING BUSINESS AS JONAS & GARRETSON, *Plaintiffs in Error,* v. CITY OF WEST PALM BEACH, *Defendant in Error.*

Opinion filed July 2, 1918.

1.  In an action by contracts against a City, upon a contract for the construction of public improvements, which contract contains a provision for the payment of liquidated damages to the city for each day's delay beyond the time specified for the completion of the work, an allegation that "during the course of performance of the said contract the time therein specified for completion thereof was waived by the City," is an immaterial allegation and does not render the declaration subject to demurrer upon the ground that the said allegation is one of a conclusion of law.

2.  To constitute a valid waiver there must be a right or privilege in existence to be waised.

3.  A defective allegation in a declaration of an immaterial fact, does not render the declaration bad upon demurrer. .

4.  In an action by contractors against a City upon a contract for the construction of certain public works, which contract

does not require completion of the work within the time specified as a condition precedent to recovery, an allegation in the declaration that the City without legal justification terminated the contract by ordering the contractors to cease work and to cease to hold further possession of the ground, is sufficient as showing a breach of the contract by the City.

Writ of Error for Circuit Court for Palm Beach County, H. Pierre Branning, Judge.

Judgment reversed.

*James F. Glen* and *Hudson, Wolfe* and *Cason,* for Plaintiffs in Error;

*H. L. Bussey,* for Defendant in Error.

ELLIS, J.—The Plaintiffs in Error brought an action in the Circuit Court of Palm Beach County against the City of West Palm Beach for damages for breach of a contract.

A demurrer to the declaration was sustained and the plaintiffs refusing to amend, final judgment was entered in favor of the defendant. To that judgment a writ of error was taken. The only question presented is the sufficiency of the declaration as against the attack made upon it by the demurrer.

The litigation grew out of a contract entered into between the parties for the construction of certain public works in the City of West Palm Beach.

The City through its Council decided to construct a seawall, certain additional street paving and extensions of the sewerage system and to that end caused plans and specifications to be prepared for such work and advertised for bids or proposals for its construction.

The declaration alleges that the plaintiffs submitted a bid for the work to be done according to the plans and specifications which were attached to the declaration and made a part of it; that the contract was awarded to the plaintiffs and a contract was entered into between the plaintiffs and the defendant for the execution of the work and the furnishing of the necessary material according to the "conditions, covenants, stipulations, terms and provisions contained in said specifications" for a sum to be paid by the City equal to the aggregate cost of the work executed and labor, material and supplies furnished at the prices respectively named therefor in the plaintiffs' proposal; that the plaintiffs entered upon the performance of the work and continued in the performance thereof until they were notified by the defendant to "cease and discontinue all work under the said contract and during the course of the performance of the said contract the time specified therein for completion thereof was waived by the defendant and to-wit, on January 20, 1916, the defendant notified the plaintiffs in writing to cease work and to cease to hold further possession of the ground or any part thereof upon which said work or any part thereof was being done, whereupon the plaintiffs ceased further performance of work under the said contract." The declaration also contained the following allegations:

"That the plaintiffs had substantially completed all of the said work, so far as the same related to the sanitary sewers and street paving, at the time of receiving the said notice, and the street paving had been completed to the satisfaction of the engineers specified in the said contract to approve the same, and the sanitary sewers had also been completed to the satisfaction of the said engineers except for a few minor objections that could

have been removed in a few days and at a cost not exceeding Three Hundred ($300.00) Dollars.

"That the aforesaid action of the defendant in wrongfully terminating the said contract was based upon a claim of the defendant that plaintiffs were in default in carrying on work on the seawall mentioned, but at the time of the said notice and termination of the said contract by defendant, plaintiffs were not in default in any respect in carrying on work on the said seawall, and the plaintiffs had so notified the defendant in writing, and the defendant was in default at the said time in performing the said contract on its part, of which the plaintiffs had likewise notified the defendant in writing, such default of the defendant being that the defendant had not, nor had its engineer, placed stakes at the locations of the keystone piles of the seawall to indicate the locations thereof as required by the said specifications, but had only placed such stakes at each alternate location, so that only one-half of the said stakes had been placed and none of these consecutively; that the said default was material in that the rock to which the keystone piles were required to be driven is a jagged, irregular rock with an uneven surface, having pinnacles, declivities, cavities and irregularities, so that within a space of a few inches there are variations of many feet in the depth of said rock, and it was essential to have each particular location accurately determined before ascertaining the depth to rock at that particular location, and the staking and marking of the said locations was a condition precedent to be performed by the defendant, which it did not perform; and the plaintiffs at the time of the wrongful termination of the contract by the defendant had manufactured keystone piles exceeding in number the locations staked by the defendant, and

had manufactured sheet piles sufficient to cover more than three-fourths of the entire seawall, all of which were in accordance with the plans and specifications and approved by the engineer appointed in the said contract to approve the same, and the plaintiffs had provided the necessary materials for the entire completion of the said seawall, and in no respect were in default."

Then follows allegations as to the plaintiffs damage consisting of several items, such as an amount due on account of retained percentage on work and material which had been approved and allowed by the engineer appointed "in the said contract"; an amount due for work done and materials on hand "not included in any estimate allowed by the negineer"; an amount due for extra work done and materials furnished "not included in the contract, but done, performed and furnished at the request of the defendant"; an amount due on account of materials rendered worthless by the defendant's breach of the contract and on account of loss of time by laborers which was occasioned by the defendant who at various times in the course of the performance of the contract by the plaintiffs stopped and delayed the work.

The City of West Palm Beach by its counsel interposed a demurrer to the declaration and set forth therein the following "substantial matters of law to be argued:"

"1.　Said declaration does not set forth facts which would entitle the plaintiff to recover from this defendant.

"2.　Said declaration sets forth conclusions of law and of fact.

"3.　Said declaration alleges that 'during the course of the performance of the said contract the time specified therein for completion thereof was waived by the defendant,' without setting forth the manner of such waiver, and said allegation is a mere conclusion.

"4. Said declaration alleges that 'the plaintiffs had substantially completed all of said work so far as the same related to the sanitary sewers and street paving at the time of receiving' the notice to cease work under said contract, without showing of what such substantial performance consisted; and said allegation is a mere conclusion.

"5. Said declaration alleges that 'the street paving had been completed to the satisfaction of the Engineer specified in the said contract to approve the same,' but does not allege that the same had been approved by said Engineer; and said allegation is a mere conclusion.

"6. Said declaration alleges 'the sanitary sewers had also been completed to the satisfaction of the said Engineer, except for a few minor objections that could have been removed in a few days and at a cost not exceeding Three Hundred Dollars,' but does not allege that said Engineer had approved the same, or of what such minor objections consisted; and said allegation is a mere conclusion.

"7. Said declaration alleges the wrongful termination of said contract by the defendant without alleging the facts showing such wrongful termination; and said allegation is a mere conclusion.'

"8. Said declaration alleges that the defendant and its Engineer had failed to place stakes at the location of the keystone piles of the seawall to indicate the locations thereof, as required by the specifications, and that such stakes had been placed at alternate locations so that only one-half of the stakes had been placed and none of these consecutively, but fails to show the duty of the defendant to place such stakes differently from that alleged; and said allegation is a mere conclusion.

"9. Said declaration alleges that 'the staking and

marking of the said locations was a condition precedent to be performed by the defendant which it did not perform,' without showing the duty of the defendant to stake or mark said locations differently from the manner in which they were staked and marked; and said allegation is a mere conclusion.

"10. Said declaration alleges a breach of said contract by the defendant, without showing any material breach thereof by the defendant, and without showing the facts constituting scuh alleged breach; and said allegation is a mere conclusion.

"11. Said declaration alleges 'that in the course of performing the said contract, the plaintiffs were delayed and stopped by the defendant at various times,' without showing the facts upon which such allegation is based, and without showing that defendant was not within its rights under said contract in so delaying the said plaintiffs; and said allegation is a mere conclusion.

"12. It is shown by said declaration that lines and grades were to be promptly furnished by the engineer of the defendant, and it is alleged that the defendant, after notice, failed to place stakes at the locations of the keystone piles of the seawall, but only placed such stakes at each alternate location so that only one-half of said stakes had been placed; and it is alleged that the staking and marking of said locations was a condition precedent to be performed by defendant, which it did not perform; whereas it appears from said declaration that the placing of such stakes was not vital to the existence of the said contract, such provision being merely subsidiary, a breach of which would not terminate said contract.

"13. A default of the defendant in the placing of such stakes as alleged in the declaration is not a material breach of said contract, such term of said contract being

subsidiary, and not vital to the existence of said contract."

Upon this demurrer the court made the following order.

"IT IS CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that the first, second, fifth, sixth and thirteenth grounds of said demurrer be and they are hereby overruled.

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the third, fourth, seventh, eighth, ninth, tenth, eleventh and twelfth grounds of said demurrer be and they are hereby sustained; and the plaintiffs are given until the Rule Day in October, A. D. 1916, in which to file an amended declaration."

In the specifications prepared by the City the work to be done was divided into three sections, viz: Seawall, sanitary sewers and street paving and in the "Instructions to Bidders" it was stated that the time required to complete each section of work would be taken into consideration in the award of the contracts. The proposal of the plaintiffs stated that they would complete the first section in 150 calendar days; the second section in 120 calendar days, and the third section in 150 calendar days. The contract was signed by the parties on the 19th day of May, 1915. The plaintiffs' proposal was made a part of the contract. It appears from the "General Stipulations and Description and Detail Specifications" which were attached to the declaration and made a part of it, that the Engineer was employed by the City as its representative and that all work under the contract was to be done to his satisfaction, and he was in all cases to "determine the amount, quality, acceptability and fitness of the several amounts of work and material which are to be paid for hereunder and shall decide all ques-

tions which may arise as to the measurements of quan-
tities and the fulfillment of this contract on the part of
the contractor and shall determine all questions respect-
ing the true construction or meaning of the plans and
specifications and his determination and decision thereon
shall be final and conclusive and such determinations
and decisions in case any question shall arise shall be a
condition precedent to the right of the contractor to re-
ceive any money hereunder."

It was provided that work should begin within 30 days
from the acceptance of the proposal and should progress
at a rate which in the opinion of the Engineer was neces-
sary for its completion in a first class manner in the
"time herein specified." It was also provided that if
the work should not progress in a satisfactory manner
to insure completion within the specified time, the Engi-
neer should give written notice to the contractor requir-
ing him to take such measures as would insure com-
pletion of the work within the specified time, and should
such warning be disregarded to such an extent that un-
necessary and unreasonable delay was likely to ensue the
Engineer should notify the City, and if the City should
so desire, the Engineer should at the expiration of ten
days from the date of warning order the contractor to
discontinue all work under the contract and the con-
tractor should respect such notice and cease to have
further right of possession of the ground. Provision
was made for delays by requiring the contractor to pay
a certain sum per day as liquidated damages for each
and every calendar day that the contractor should delay
the completion of the work beyond the time specified for
its completion.

In the specifications of the seawall construction it was
provided as follows:

"The sheet piles are to be of uniform size and length the only exception being that there shall be no tongue or groove as the case may be, to those beating against the keystone pile.

"Keystone piles shall be cast accurately to length required to penetrate to a firm bearing on the rock, as determined from soundings to be made by the contractor. The Engineer shall stake the location of these piles, which locations will be numbered consecutively and corresponding numbers shall be marked on the piles as they are cast to insure that each pile will be used in its proper place. No 'building up' will be allowed where a pile is made too short. A slight amount of chipping down will be allowed where the pile is too long, provided such chipping does not injure the balance of the pile.

"The date of manufacture shall be marked with paint on both sheet and keystone piles."

The demurrer attacks the declaration because of the allegation that "during the course of the performance of the said contract the time specified therein for completion thereof was waived by the defendant." It is contended by counsel for defendant in error that the allegation is a mere conclusion; that the manner of the waiver should be specifically alleged. We think that the allegation was immaterial According to the view we have of the contract, completion of the work within the time specified was not a condition precedent to recovery. The parties provided in the contract for the payment of an amount as liquidated damages to the city for each day's delay beyond the time specified for the completion of the work. This indicated that it was in the minds of the parties that the work might not be completed within the time agreed upon in which case the city if not at fault in causing the delay would be entitled to receive from the

contractor liquidated damages as agreed upon. Besides the allegation of waiver of performance of the contract within the specified time was an allegation of an ultimate fact and does not violate any rule of pleading. In Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 South. Rep. 517, we held that an allegation in a declaration upon a promissory note that the defendant "waived demand, protest and notice of demand, non-payment and protest," was not the allegation of a conclusion of law. See also Bay View Brewing Co. v. Grub, 24 Wash. 163, 63. Pac. Rep. 1091; Macfarland v. West Side Imp. Ass'n., 56 Neb. 277, 76 N. W. Rep. 584.

In order to constitute a valid waiver the right or privilege waived must be in existence, there can be no waiver of a non-existent right. A waiver is an intentional relinquishment of a known right. See Bishop on Contracts, Sec. 792; United Fireman's Ins. Co. v. Thomas, 53 U. S. App. 517, 82 Fed. Rep. 406, 47 L. R. A. 450. We discover nothing in the contract which secured to the city a right to cancel the contract upon non-performance of the work within the time specified. On the contrary, as we said, the parties seemed to contemplate a completion of the work after the dates specified, in which case provision was made for compensation to the city. But the declaration in this case alleged that the city's action in terminating the contract was based upon the claim that the plaintiffs were in default in carrying on the work on the sea wall, and that delay was caused by the city, in that the Engineer had not "placed stakes at the locations of the Keystone piles of the sea wall to indicate the locations thereof as required by the said specifications." This allegation was perfectly clear, and, according to our reading of the contract, tendered an issuable fact of breach of the contract by the city.

The fourth ground of the demurrer attacked the allega-
tion that the "plaintiffs had substantially completed all
of said work so far as the same related to the sanitary
sewers and street paving at the time of receiving" the no-
tice to cease work. This allegation was immaterial. It
was anticipatory and unnecessary to explain the princi-
pal subject of the declaration. The declaration rested
upon the act of the city in determining the contract by
ordering the plaintiffs to cease work, which action as. it
was alleged was based upon the city's claim that the
plaintiffs were in default in carrying on the work on the
sea wall. The substantial compliance by the plaintiffs
with the contract as to the other two features of the work
was therefore unnecessary to be alleged except as a basis
for the quantity of damages to be recovered for the al-
leged breach of the contract by the city.

There is nothing to prevent the city from pleading
abandonment of the contracts by plaintiffs if the facts
warrant such plea, nor from denying by special plea any
matter of inducement, nor in the absence of any plea from
showing by evidence at the trial any matter in reduction
of damages.

The seventh, eighth, ninth, tenth and twelfth grounds
of the demurrer may be considered together. We think
that neither of these grounds was well taken. The case
as made by the declaration is: the city without legal jus-
tification terminated the contract by ordering the con-
tractors to cease work and to cease to hold further pos-
session of the ground. This notice it appears was given
about three months after the date specified in the con-
tract for the completion of the work. But time appears
not to have been of the essence of the contract and the
declaration alleges facts which negative the idea of aban-
donment on the part of the plaintiffs. It is alleged that

they were in performance of the work and had been continuously so engaged from the time they entered upon it, when they were notified by the city to cease work and leave the premises. We think this was a sufficient allegation of a breach of the contract by the city. It was equivalent to a refusal on defendant's part to permit the plaintiffs to continue work under the contract; it was a declaration that the defendant refused longer to be bound by it. See 13 C. J. 733. The declaration, however, negatived a possible defense. After setting up the contract alleging performance on plaintiff's part and assigning a breach on the city's part, the declaration alleged the city's reason or excuse for its action and then alleged that such reason or excuse was untrue, that it was unfounded in fact. Having alleged the city's reason for treating the contract as abandoned by the plaintiffs to be the latter's alleged default in carrying on the work on the sea wall, the declaration proceeded to allege that the delays in such work of which it was guilty were caused by the fault of the city in that its Engineer had not "placed stakes at the locations of the Key stone piles of the sea wall to indicate the locations thereof." The contract expressly provides that the Engineer should stake the location of the piles and should number such locations. The reason for this requirement and the importance of it to the plaintiffs are apparent. But aside from that it was a duty to be performed by the defendant under the contract, and if its non-performance in reality caused the plaintiffs to delay work the city could not complain of such delay.

The declaration, we think, was good as against the attack made upon it by the demurrer, so the judgment is reversed with directions to overrule the demurrer.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.