MARY JEWELL HANSON *v.* FIDELITY MUTUAL BENEFIT CORPORATION OF DELAWARE, a corporation of the State of Delaware.

(*April* 17, 1940.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Hugh M. Morris* and *H. Stanley Lynch* for plaintiff.

*Albert L. Simon* for defendant.

Superior Court for New Castle County, January Term, 1940.

LAYTON, C. J., delivering the opinion of the Court:

The special demurrer to the replication to the sixth plea to the second count of the declaration, alleging waiver of any lapse under the certificate of membership, will be considered first.

The defendant urges that the replication alleges a legal conclusion. The plaintiff insists that the allegation of waiver is a statement of ultimate fact, and is therefore sufficient. *Jonas v. West Palm Beach*, 76 *Fla.* 66, 79 *So.* 438; *Macfarland v. West Side Imp. Ass'n*, 56 *Neb.* 277, 76 *N. W.* 584; *United Firemen's Ins. Co. v. Kukral*, 7 *Ohio Cir. Ct. R.* 356, 4 *O. C. D.* 633.

One of the functions of pleading is to inform the opponent with reasonable particularity of what is proposed to be proved at the trial; and it is not sufficient to state a mere conclusion of law, or to state the result or conclusion of facts arising from circumstances not averred. *Campbell v. Walker*, 1 *Boyce* 580, 76 *A.* 475. The decided weight of authority holds that the averment of a waiver of a condition or right, without more, is but a conclusion of law. 49 *C. J.* 58, and cases cited.

Waiver is the intentional relinquishment of a

known right, or such conduct as warrants an inference of an intent to relinquish the right. *Jones v. Savin,* 6 *Boyce* 68, 96 *A.* 756; *Id.,* 6 *Boyce* 180, 97 *A.* 591. A corporation acts through its board of directors, or its duly authorized officers and agents. Where, therefore, a waiver is relied upon, the facts constituting waiver should be averred with such reasonable particularity as will enable the opposing party to meet and controvert the facts relied upon. Any other rule would defeat rather than promote one of the important objects of pleading, and would make a pleading an instrument to conceal rather than to disclose facts. *Campbell v. Walker, supra.* The plain inference to be drawn from the language of this Court in *Keil Motor Co. v. Royal Insurance Co.,* 6 *W. W. Harr.* (36 *Del.*) 24, 171 *A.* 201, is that facts constituting waiver must be alleged.

The demurrer to this replication is sustained.

The plaintiff's replication to the seventh plea to the third count of the declaration alleges an estoppel. The defendant contends that this averment constitutes a departure from the declaration which alleges full performance of all terms, provisions and conditions of the certificate of membership. *Cohen v. Home Insurance Co.,* 5 *Boyce* 531, 95 *A.* 238. In the cited case, the plaintiff alleged performance of the covenants of the contract. The defendant averred a breach of the iron safe clause of the contract. The plaintiff replied by averring a waiver of the covenant. This was held to be a demurrable departure.

The plaintiff, to avoid the effect of the *Cohen case,* contends that the effect of an estoppel is radically different from that of a waiver; that a waiver is an excuse for non-performance, while, if the defendant is estopped to raise the defense of non-performance, no excuse for non-performance is necessary. The argument, how-

ever, is equally applicable to waiver. Generally where one in the possession of a right has waived it, he is precluded from afterwards claiming anything by reason of it; and when once waived the right is gone forever. 67 *C. J.* 313. In like manner where one, by his acts or conduct, has estopped himself from the assertion of a right, the right, for the purpose of the particular action, has ceased to exist. Courts, especially in insurance cases, have frequently treated the terms, "waiver" and "estoppel," as convertible terms. 32 *C. J.* 1315. While there are essential differences, there is a certain kinship between the two doctrines. A waiver operates as an estoppel on the party who waives. *Loftis v. Pacific Mutual Life Ins. Co.,* 38 *Utah* 532, 114 *P.* 134. There seems to be no good reason why a replication setting up a waiver should not be classed with those setting up an estoppel. *Webster v. State Mutual Fire Ins. Co.,* 81 *Vt.* 75, 69 *A.* 319. The plaintiff, in support of her contention that an estoppel set up in a replication is not a departure from the declaration averring performance, cites *Forney v. Farmers' Mutual Fire Ins. Co.,* 181 *Minn.* 8, 231 *N. W.* 401; *Home State Bank v. School Dist.,* 102 *Kan.* 98, 169 *P.* 202; *Seymour Improvement Co. v. Viking Sprinkler Co.,* 87 *Ind. App.* 179, 161 *N. E.* 389. There are authorities in disagreement with the *Cohen* case. 49 *C. J.* 349. But inasmuch as a condition or right is destroyed for the purpose of the action either by waiver or by estoppel, and as there is no difference in principle in setting up either waiver or estoppel by replication after an averment of performance, except upon a refined logic, the desirability of avoiding conflict of opinion in this Court, and the confusion and uncertainty necessarily incident to a divergency of views, makes manifest the necessity for adherence to the *Cohen* case. *Wilson v. Bethlehem Steel Co.,* 1 *Terry* (40 *Del.*) 157, 7 *A.* (2d) 906. The demurrer to this replication is sustained.

■ ■ The replication to the sixth plea to the ·first count of the declaration is attacked both as to form and substance. The defect in form suggested is that the replication is in confession and avoidance of the plea, and constitutes a departure from the declaration. No other formal defect is relied on. The replication, however, seems to be of that little used species of traverse, known as a special traverse, employed where the pleader conceives that he cannot safely make a direct denial of the allegations contained in the prior pleading by reason of facts not appearing therein and not admissible under a direct denial, but which, nevertheless, are important to the pleader's case. The traverse with an inducement of new matter is, in substance, an argumentative denial of the matter alleged, but, in form, a direct denial. The essentials of a special traverse are the inducement, which must consist of facts which are a sufficient answer to the pleading which it assumes to answer, the denial and the verification. The replication contains no *absque hoc* clause. There is no direct denial of the essentials of the plea; but if it is a sufficient answer in itself, the absence of a direct denial is a formal defect. 49 *C. J.* 254. This defect in form is not noticed by the special demurrer.

■ In substance the plea alleges a lapse of the certificate by reason of the failure to pay a certain monthly assessment within the time stipulated, an application for re-instatement, death of the assured within six months after re-instatement as a result of organic heart disease, and a consequent reduction of benefit accruing to the beneficiary under the particular terms of the certificate. The replication does not deny the lapse, or that the certificate was reinstated. The substance of the inducement is that no additional assessment of 50 cents per month was necessary for the reason that no such necessity would have arisen

if the amounts received from the monthly assessments of the amounts received as monthly assessments allocable, in part, to the mortuary fund, had not been dissipated by the payment of salaries, bonuses and commissions and for other wrongful purposes; and the assured, deceived by false representations with respect to the necessity for levying additional assessments, paid to the defendant, in the aggregate, an amount of money more than sufficient for all legal and proper monthly assessments including the assessment for the month of January.

It is not alleged to whom the salaries, bonuses and commissions were paid. The other wrongful purposes are not specified. It is not averred when or where or by whom the fraudulent representations were made; nor of what statements such representations consisted, except by the merest inference. It is not sufficiently informative, and is substantially defective for want of certainty.

Moreover, the argument is that the extra assessment was not necessary to protect the certificate and like certificates, but was levied because the defendant had dissipated the money applicable to the mortuary fund; that the words, "if necessary" appearing in paragraph 3 of the certificate refer only to a necessity arising from an exhaustion of the mortuary fund created and maintained in accordance with the terms of the certificate; that, there being no necessity recognizable legally, no necessity existed; wherefore, there was no lapse of the certificate as the defendant at all times had in hand sufficient money received from the assured for assessment purposes to discharge all monthly assessments due and payable including the assessment for the month of January.

The provisional language of the paragraph, reasonably construed to effectuate its meaning and purpose

to protect the certificate and all like certificates, is not, we think, to be given such a restrictive construction. The language is broad and unqualified. The corporation expressly is granted the right and authority to levy additional assessments, if it becomes necessary to protect the certificates. The necessity, in so far as an action on the certificates is concerned, is not tied to an exact performance of duty with respect to the creation and maintenance of the mortuary fund. The necessity is referable to all situations for the accomplishment of the protection of the certificates. The certificate holders have appropriate remedies for unlawful assessments. The levy of an additional assessment would seem to suggest inquiry at the least. Injunctive relief is possible. An application for a receivership may be justified. Wrongdoing officers may be held to an accounting. Let it be supposed, for example, that the prior management of the corporation having been such as to endanger the due payment of claims under the certificates, a new management, upon discovery of dissipation of money properly belonging to the mortuary fund or other wrongdoing affecting the certificates, should determine that an additional assessment was necessary to protect the certificates. It would seem clear enough that the necessity would exist in fact, notwithstanding that it had been occasioned by fault of management. The same reasoning applies in the correction of fault by the same management. In such situation it is not sufficient to say that the corporation was seeking to take advantage of its own wrong.

When the replication is examined to determine its sufficiency as an answer to the plea, it is manifest that the necessity for levying an additional assessment is not denied. What is asserted is that such necessity should not have arisen. The so-called fraudulent representations are

not pointed at an actuality of necessity, but to a suppression of knowledge of wrongful conduct that occasioned the necessity. For all that is disclosed by the replication, the assured, with full knowledge of the facts, would have chosen to pay the additional assessment for the purpose of protecting the certificate. It does not appear that the alleged wrongdoing on the part of the corporation was the cause of the lapse. The replication is not a sufficient answer to the plea. An order will be entered sustaining the general demurrer.