CHARLES E. ZAHN, Plaintiff, *v.* GULF OIL CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, September 9, 1953.

*Frederick L. Scofield* for Gulf Oil Corporation, defendant.

*Conrad & Smith* for Harmosa Oil Corporation, defendant.

*Fliashnick & Liberman* for plaintiff.

BRENNER, J. Motion to dismiss plaintiff's complaint pursuant to rule 106 of the Rules of Civil Practice.

The plaintiff alleges that between November 15, 1946, and November 15, 1952, relying on the accuracy and truthfulness of the defendants' invoices as to the quantity of gasoline delivered in separate deliveries made during that period, he overpaid $34,533.60 for 172,668 gallons of gasoline, which he contends he did not receive. On November 15, 1952, he alleges that he discovered the shortages and thereupon he notified the defendants on November 28, 1952, of such shortages and overpayment. He now seeks to recover said sum of $34,533.60, alleging moneys had and received and unjust enrichment.

The defendants assert that these facts do not sufficiently constitute a cause of action in view of section 130 of the Personal Property Law, the pertinent portion of which reads: " But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor.'' If we were to assume that the notice under section 130 of the Personal Property Law was an essential prerequisite for recovery here, it cannot be said as a matter of law that reasonable notice was

not given with respect to deliveries made the latter part of 1952, if not with respect to deliveries prior thereto. Concededly, these were continuous though individual sales transactions and, as to each of them, a distinct test of the variable term "reasonable time" should be separately applied. As has been said, "'Reasonable time is not an inflexible term. It depends commonly on the circumstances of each case'" (*Schnitzer* v. *Lang,* 239 N. Y. 1, 5).

However, the notice required under section 130 of the Personal Property Law is not applicable where there has been an overpayment for goods not received. The statute specifically requires reasonable notice where the claim is a breach of a promise or a breach of warranty. In *Knoxville Sand Gravel Material Co.* v. *Dunn* (25 Tenn. App. 93, 95–96) the court construed sections 48 and 49 of the Uniform Sales Act, which are identical with sections 129 and 130 of the Personal Property Law, and said: "They pertain more to the quality of the goods than to the quantity. * * * these sections are not applicable to a case of a short weight."

Situations involving insufficient quantity or short delivery are more pertinently covered by subdivision 1 of section 125 of the Personal Property Law, which reads in part as follows: "If, however, the buyer has used or disposed of the goods delivered before he knows that the seller is not going to perform his contract in full, the buyer shall not be liable for more than the fair value to him of the goods so received." This section, by implication, allows the buyer to accept and retain less than the whole quantity of the goods specified (*Portfolio* v. *Rubin,* 233 N. Y. 439) and he may recover back any portion of the price paid in advance for goods not delivered (*Joannes Bros.* v. *Lamborn,* 199 App. Div. 588, 591). Thus it would seem that the complaint here spells out an actionable cause entitling plaintiff to his day in court.

It is moreover to be remembered that the gravamen of this complaint is to recover for moneys had and received and for unjust enrichment, regarded as a common-law substitute for a suit in equity (*Roberts* v. *Ely,* 113 N. Y. 128). The law should certainly not countenance payments for merchandise not delivered.

While not justifying a dismissal of the complaint upon motion, the defendants may establish upon trial that from all the circumstances of the contractual relationship, plaintiff may have been neglectful of the duty to call timely attention of the seller to such shortages despite opportunity to do so (*Great Eastern*

*Refining Corp.* v. *Shank*, 99 W. Va. 101); that is to say, the defendants may establish such fact at least with respect to the bulk of the deliveries. The trial may further disclose that there was a factual deprivation of an opportunity by the defendants for correction of such short deliveries and a remedy over by them against their employees responsible therefor. Such proof, when subjected to conventional trial procedures, may conceivably reduce or defeat the plaintiff's claim.

Thus we have in this litigation crosscurrents of equitable considerations which extend to both adversaries as well as issues of fact which cannot possibly be resolved upon motion papers. In the circumstances there can be no summary disposition of the lawsuit. The motion to dismiss the complaint is accordingly denied. Settle order on notice.