(Decided 26th March, 1878.)

THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* ST. AGNES HOSPITAL OF THE CITY OF BALTIMORE.

*Right under the Act of 1745, ch. 9, sec. 10, of the Riparian owner to Improve in front of his lot—When the City has a right to the bed of a Street—Right of Riparian owner to Improvements made in front of his Lot without his Consent.*

Under the provisions of the Act of 1745, ch. 9, sec. 10, the owner of a lot in the City of Baltimore, fronting on the Patapsco river, has the right to extend such lot, or improve out, to the limit prescribed by the City authorities, and he cannot be lawfully deprived of this right without his consent.

Until a street has been opened and compensation paid to the owner, the city has no more right to the bed of the street than any other stranger would have, and the intrusion by the city upon such property is as much a trespass as if committed by an individual.

Where A. enters upon the lot of B. fronting on the Patapsco river, and constructs a dock, and makes other improvements by filling in the land between the dock and the Port Warden's line, without the consent of B. such improvements belong to B. the riparian owner, in front of whose lot they are made.

APPEAL from the Superior Court of Baltimore City.

This was an action of *ejectment* brought by the appellee against the appellant to recover certain property described in the *narr.* Plea *non cul.* and issue joined. The case

was tried before the Court without a jury upon an agreed statement of facts.

The plaintiff and defendant derived title from a precedent owner common to both of them, and the plaintiff held under the elder title.

*Exception.*—The plaintiff offered the following prayer:

That upon the agreed statement of facts, which is hereby made a part of this prayer, the plaintiff is entitled to recover the property embraced within the area H. G. V. O., shewn on the plat.

The defendant offered the following prayers:

1. It having been proved by the agreed statement of facts in this cause that the dock at the foot of Webster street was constructed by the defendant in pursuance of the provisions of Ordinance No. 111, of 1853, and the Ordinance supplementary thereto of 1853, No. 119, and that the defendant has retained possession of the land and premises embraced within the lines, courses and distances of said dock, then the plaintiff cannot recover in this action any of the land or premises embraced within the lines, courses and distances, or any of the property lying beyond said dock and the Port Warden's line of 1853, the same having been made and improved by the defendant.

2. There being no evidence in the agreed statement of facts, that the plaintiff or those under whom it claims, ever reclaimed or attempted to reclaim any portion of the water-front embraced within the lines of its water-front, if the same had been protracted in accordance with its rights as riparian proprietor, then the plaintiff cannot recover in this action any portion of its said water-front so unreclaimed as aforesaid.

3. As it appears from the agreed statement of facts in this cause, that the dock at the foot of Webster street, is at the foot of one of the public streets of the city, as designated on Poppleton's Plat, and said dock was made by the defendant pursuant to the terms and provisions of Ordi-

nance No. 111, of 1853, and the Ordinance supplementary thereto of 119, of 1853, and in compliance with the petition of a majority in interest of the adjacent property owners, then the plaintiff cannot recover in this action any portion of the property or premises embraced within the lines of said dock at the foot of Webster street, so made as aforesaid by the defendant.

The Court, (DOBBIN, J.,) granted the plaintiff's prayer, and rejected the prayers of the defendant. To this ruling of the Court the defendant excepted.

The Court rendered a verdict for the plaintiff for the land claimed, and one cent damages, and costs, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J., for the appellee and submitted on brief for the appellant.

*James A. Buchanan,* for the appellant.

*John H. B. Latrobe,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

As owners of a lot in the City of Baltimore, fronting on the Patapsco river, the appellees had the right under the provisions of the Act of 1745, ch. 9, sec. 10, to extend or improve out said lot to the limit prescribed by the city authorities, and according to the well settled law of this State, they could not be deprived of this right without their consent. *Casey's Lessee vs. Inloes,* 1 *Gill,* 510; *Balto. & Ohio R. R. Co. vs. Chase,* 43 *Md.,* 36.

The appellants however, without the consent of the appellees, have constructed a dock across the lot of the latter, thus depriving them of a water front, to which they were entitled, of over three hundred feet; and the appellants claim title to the improvement thus made, be-

cause of its being at the foot of a public street, and they claim also the land made between the side of the dock and the Port Warden's line.

Now the plain answer to the claim thus set-up by the appellants, is, that Webster street at the foot of which the dock has been excavated, has never been opened as a public street, nor has there been any condemnation or compensation paid to the owners of the bed of said street. Until the street has been opened and compensation paid to the owners, the city has no more right to the bed of the street than any other stranger would have, and the intrusion by the city upon such property is as much a trespass as if committed by an individual.

The appellants having, therefore, entered upon the property of the appellees, and having constructed the dock, and having made other improvements by filling in of the land between the dock and the Port Warden's line, without the consent of the appellees, it follows according to the repeated decisions of this Court, that such improvements must be declared to belong to the riparian owner, in front of whose lot they are made. *Casey's Lessee vs. Inloes*, 1 *Gill*, 510.

The judgment below must therefore be affirmed.

*Judgment affirmed.*

(Decided 26th March, 1878.)