JOHN HEAVER *vs.* THOMAS M. LANAHAN.

*Plea of Former recovery—Estoppel—Demurrer—Action for Breach of Contract—Damages.*

A plea which, in effect, asserts that if the plaintiff claimed, but did not recover, certain damages in a former suit against another defendant, he is estopped from maintaining an action against the defendant filing the plea, for the same damages claimed in the former suit, is bad on demurrer.

A. contracted with B. to erect certain houses upon certain lots of ground, for each of which B. agreed to pay a *bonus*, in stipulated amounts as the work progressed. Before any · expense was incurred by A. upon five of the houses, he was notified by B. that an ordinance had been passed for the opening of a certain street, and that in consequence of the passage of said ordinance he would not expect A. to fulfill his contract in regard to the erection of said five houses on said five lots, which, if completed would stand in the bed of said street, and would necessarily be condemned and torn down in the opening of said street, and instructed him not to build the houses on said five lots. Notwithstanding this notice and instruction, A. did certain work upon three of said houses which, under the provisions of said contract, would have entitled him to receive the first instalment of said *bonus* for each of them. In an action by A. against B. to recover the stipulated *bonus* on each of said five houses, and for other losses and injuries alleged to have been caused by the violation of said contract, it was HELD:

That the plaintiff was not entitled to recover said *bonus*, as the case then stood, but might recover on account of other damages incurred on the faith of the contract.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., IRVING, BRYAN, FOWLER, and MCSHERRY, J.

Heaver *vs.* Lanahan.

*Henry W. Fox*, and *John V. L. Findlay*, for the appellant.

*Frank Gosnell*, and *John Prentiss Poe*, for the appellee.

Fowler, J., delivered the opinion of the Court.

This is an action to recover damages for the breach of a contract made between the appellant John Heaver and Thomas M. Lanahan, the appellee. Upon the conditions mentioned in the contract sued on, the appellant agreed to erect a number of houses on North avenue, in the City of Baltimore—the latter agreeing to pay to the former the sum of eight hundred dollars in five instalments, on each house, as they respectively reached certain stages of completion. It was further agreed that when any one or more, or all of said blocks of houses shall be under roof, and the said Heaver shall have complied with and performed all of the conditions and covenants of said contract on his part to be performed to that time, the appellee would cause to be assigned to said Heaver, or to such person as he should designate, the leasehold interest created by said contract and lease.

The *narr.* alleges that the plaintiff Heaver, now the appellant, entered on the discharge of his duties and covenants under said contract, and has well and truly observed and kept everything in said agreement contained on his part to be performed, until the appellee, Lanahan, wrongfully and in violation of his part of said contract, refused to pay said appellant the sum of one hundred and fifty dollars on each of five houses then in course of erection, as provided in said contract, and notified him that he would not pay the same, whereby the appellant was compelled to desist from further prosecution of the work on said five houses; and because of the refusal to pay the said bonus of eight hundred dollars, as agreed by the appellant, and because of other

losses and injuries alleged to have been caused by the violation of the contract by the appellee, the appellant claims to recover in this action.

To this declaration the defendant demurred. His demurrer was overruled, and he pleaded three pleas.

To the first and third pleas the plaintiff demurred, and his demurrer was sustained as to the first plea, and overruled as to the third. To the second plea he replied *nul tiel record.*

Issue having been joined on the replication and demurrer to the third plea, there was a verdict and judgment for the plaintiff on the plea of *nul tiel record,* and a judgment for defendant on the demurrer to the third plea. Whereupon the plaintiff appealed from said last named judgment overruling his demurrer.

The only questions presented arise, therefore, on the demurrer to the third plea.

The allegations contained in the plea are : 1st. That before the appellant commenced work on said five lots the appellee notified him of the passage of the ordinance to open Barclay street, and that, therefore, he would not expect appellant to fulfil his contract in regard to said five houses, which when completed would stand in the bed of said street, and instructed appellant not to build on said five lots. 2nd. That subsequently appellant was notified by the Street Commissioners that they would proceed to open Barclay street, and that any improvements erected thereon would be at his own risk ; and,

3rd. That said commissioners having proceeded to condemn and open said street under said ordinance, and having duly awarded damages to the appellant for the taking of his property, and the appellant having appealed from said award to the Baltimore City Court, and upon such appeal having claimed the same damages he is claiming in this case, and the City Court having

granted instructions that he was entitled to recover one portion and not another portion of the same, he is estopped from maintaining this action against the appellee for any of the damages *claimed* upon said appeal.

It seems to be clear the plea is not good as a plea of estoppel, and that the demurrer should have been overruled. The general and well settled rule is "that a verdict and judgment upon the merits in a former suit is, in a subsequent action between the *same parties*, where the cause of action, damages, or demand is identically the same, conclusive against the plaintiff's right to recover." *Shafer vs. Stonebraker*, 4 *G. & J.*, 360.

It is sufficient to observe that here the plea alleges neither a verdict nor a judgment in the former suit, nor was it a suit between the appellant and the appellee, but between the former and the Mayor and City Council of Baltimore. So far as the allegations of this plea are concerned, the jury in the former suit may have failed to agree. The plea, in effect, asserts that if the appellant claimed, but did not recover certain damages in a former suit against another defendant, the appellant is estopped from maintaining this action against the appellee for the same damages claimed in the former suit. In support of this proposition no authority has been, nor do we suppose any can be, cited.

The plea also alleges, and of course the demurrer admits, that before any work was done under the contract in and upon said five lots, the appellee notified the appellant that in consequence of the passage of said ordinance he would not expect the appellant to fulfil his said contract in regard to the erection of said five houses on said five lots, which, if completed, would stand in the bed of Barclay street, and which would necessarily be condemned and torn down in the opening of said street, and instructed him not to build the houses on said five lots.

But, notwithstanding this notice and instruction the appellant continued operations, and did certain work upon three of said five houses, which under the provisions of said contract would have entitled him to receive one hundred and fifty dollars, part of said bonus, on each of said three houses. The appellee refused to pay said sums of money, and it is alleged in the *narr.*, that in consequence thereof the appellant was compelled to desist from the further prosecution of the work.

Now, the rule laid down by this Court in the case of *Black vs. Woodrow & Richardson*, 39 *Md.*, 217, seems clearly to apply to this case. There Black, the owner of the ground, notified and directed the builders to stop work, and they were thus prevented from performing their part of the contract. In its opinion this Court says : "Though the appellant had the right thus to stop the work on the building, yet by so doing he committted a breach of the contract, and thereby incurred a liability to pay the damages that might result therefrom, and the damages in such case would include compensation for the labor done and material furnished, and such further sum in damages as might, upon legal principles, be assessed for a breach of the contract." And in discussing the case just referred to this Court cites and relies upon the case of *Clark vs. Marsiglia*, 1 *Denio*, 317, in which it appeared that the defendant agreed to pay the plaintiff a certain sum of money for cleaning and repairing a number of paintings. After the work was commenced, the defendant "desired the plaintiff not to go on, as he had concluded not to have the work done." But the plaintiff continued the work and finished it, and for so doing he claimed to recover the sum agreed to be paid for the whole, and contended that the defendant had no right to countermand the order which had been given. In regard to this feature of the case the Court says : "The defendant, by requiring the

32 v. 74.

plaintiff to stop work upon the paintings, violated his contract, and thereby incurred a liability to pay such damages as the plaintiff should sustain. * * * * But the plaintiff had no right, by obstinately persisting in the work, to make the penalty upon the defendant greater than it would otherwise have been." And again: "To persist in accumulating a larger demand is not consistent with good faith toward the employer."

The remaining allegation of the plea relates to the alleged notice given by the Street Commissioners to the appellant that they were about to proceed to open Barclay street under said ordinance, and that any improvements erected thereon by the appellant would be at his own risk. It was contended that it was this notice, and not that given by the appellee which prevented the appellant from going on with the work. But the plea does not so allege, and we cannot assume it. On the contrary, it is to be assumed that the appellant knew his legal rights, and, if so, he knew that the Commissioners in giving the notice they did give him were exceeding their authority, (*Mayor, &c., of Baltimore vs. Musgrave,* 48 *Md.,* 272), and that he had a right to continue the work, so far as the city was concerned, until it was ready to pay him the damages which might be awarded to him by reason of opening the street. *Mayor, &c., of Baltimore vs. St. Agnes' Hospital of Baltimore,* 48 *Md.,* 419 ; *Black and Wife vs. Mayor, &c., of Baltimore* 50 *Md.,* 235, and same case 56 *Md.,* 333 ; *Norris, et al. vs. Mayor, &c., of Baltimore,* 44 *Md.,* 598 ; *Mills on Eminent Domain, section* 224.

It was suggested that, notwithstanding there was no appeal taken from the ruling of the Court in holding the declaration good on the defendant's demurrer, its validity is brought in question by the demurrer to the third plea, which mounts up to the first error in pleading. Whether this well settled rule applies to this case or

not, it is clear, we think, that the declaration counts upon a valid contract, and sets forth a breach thereof by the appellee ;—for it claims damages not only for the refusal to pay said bonus money, which we have said the plaintiff cannot recover as the case now stands ; but it claims other damages incurred on the faith of the contract alleged to have been violated by the appellee.

*Judgment reversed, and*
*new trial awarded.*

(Decided 17th June, 1891.)