E. & F. G. JONES, CO-PARTNERS, *Plaintiffs in Error*, v. DAWSON COTTON OIL COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed February 4, 1922

In an action upon a contract for the sale of certain commodities a plea averring that the plaintiff first breached the contract by refusing to accept delivery and notified the defendant that he would accept no more deliveries, is valid as averring a repudiation of the contract by the plaintiff.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Judgment reversed.

*John H. Carter* and *Thomas E. Walker*, for Plaintiff in Error;

*Paul Carter,* for Defendant in Error.

ELLIS, J.—On September 1, 1919, the Dawson Cotton Oil Company and E. & F. G. Jones as co-partners entered into a contract in writing for the purchase by the Oil Company and sale to it by E. & F. G. Jones of 100 tons of "clean, sound, dry white Spanish peanuts" at $120.00 per ton f. o. b. Jacob, or Campbellton, Florida, for shipment in October, November or December following, at the option of E. & F. G. Jones. It was stipulated in the contract that the peanuts were to be "loaded in cars of not less than fifteen tons to the car." Mill weights to govern settlement, and terms "order notify for 90% of purchase price, balance to be paid promptly upon unloading of said peanuts." Peanuts to be shipped with buyers privilege of inspection. It was provided that in case of breach of the contract by either party such party breaching the contract should pay all damages such as attorneys' fees and other damages assessed by a competent court. It was further provided that if there should be any dissatisfaction as to the grading of the peanuts it should be "left to the regular rules of arbitration, and the party who it shall be decided against shall pay all costs." This agreement which was in the form of a letter by the Dawson Cotton Oil Company to E. & F. G. Jones was signed by Ed Stevens for the Oil Company, "V. P. & Treas.," and accepted by E. & F. G. Jones.

In January, 1920, the Cotton Oil Company commenced its action in the Circuit Court for Jackson County against E. & F. G. Jones for damages for a breach of the contract for that the defendant had delivered only 43 23/100 tons of peanuts and had failed and refused to deliver the remainder.

The defendants interposed a plea in which it was averred that the plaintiff before the time fixed in the contract for final delivery of the peanuts being fearful that the market price would decline called upon the defendants to "make immediate delivery" of the remaining 57 77/100 tons, or "give a further guarantee that said peanuts would be delivered." That the defendants refused to accede to either demand, whereupon the plaintiff by its "agent making the demand became angry and refused to accept a car of peanuts which defendants were then loading, and then and there tendered to plaintiff upon said contract." That the plaintiff at that time notified defendants that it would not accept any more peanuts. The plea then recites that the plaintiffs demanded damages from the defendant, that the demand was ignored, and the plaintiff being a foreign corporation proceeded to comply with the law authorizing it to "do a lawful business in the State" and then commenced this action against the defendants. This plea it is argued set up the defense of renunciation of the contract by plaintiffs. A demurrer to the plea was sustained and the court's order is made the basis of the second assignment of error.

Stripped of its unnecessary verbiage the plea avers that the plaintiff first breached the contract by refusing to accept a car load of peanuts then being loaded by the defendants and tendered to plaintiff upon the contract, and that the plaintiff then notified the defendants that it would accept no more peanuts, and that all of this occurred before the expiration of the time stated in the contract for delivery. The plea sufficiently averred a repudiation of the contract by the plaintiff. If the defendants had ignored this repudiation by the plaintiff they could not have proceeded with the execution of it on their part, thus increas-

ing the damages which they may have sustained by the plaintiff's declared intention to be no longer bound by it. They could not negligently or wilfully allow the damages to be unnecessarily enhanced. If they did the increased loss would have fallen upon them. See Gibbens v. Bente, 51 Minn. 499, 53 N. W. Rep. 756; 6 R. C. L. 1024-1026; Delaware Marine Supply Mfg. Co. v. Philadelphia Lamp Mfg. Co., 5 Boyce (28 Del.) 524; 95 Atl. Rep. 235; Heaver v. Lanahan, 74 Md. 493, 22 Atl. Rep. 263; Haynes & Co. v. Nye, 185 Mass. 507, 70 N. E. Rep. 932; McGregor v. Ross' Estate, 96 Mich. 103, 55 N. W. Rep. 658. According to the averment of the plea the renunciation was absolute and unequivocal. The plaintiff not only refused to accept a "car of peanuts which defendants were then loading and then and there tendered to plaintiff upon said contract," but "notified defendants that the plaintiff would not accept any more peanuts, but would place the matter in the hands of their attorney." The first averment standing alone may not have been sufficient to constitute a renunciation or breach of the contract by plaintiff, because it is not specifically averred that the tender of the car of peanuts was at the place named in the contract where they were to be delivered in cars, nor that the peanuts were of the quality specified in the agreement, but the tender under the circumstances by defendants and refusal of the plaintiff, coupled with the latter's announcement of a determination not to accept any more and its purpose to place the matter in the hands of its attorney, would have amounted to a recission of the contract if it had had the power to rescind. See Majestic Milling Co. v. Copeland, 93 Ark. 195, 124 S. W. Rep. 521; Daniels v. Newton, 114 Mass. 530; Bannister v. Victoria Coal & Coke Co., 63 West Va. 502, 61 S. E. Rep. 338; 13 C. J. 654; Jonas v. City of West Palm Beach, 76 Fla. 66, 79 South. Rep. 438.

It is true that the plea contained many unnecessary and some contradictory averments, but they were in relation to matters that were wholly irrelevant and served no conceivable purpose other than the rather questionable one of creating prejudice in the minds of the jury when the same were read. That the plaintiff's agent was fearful that the price of peanuts would decline, and for that reason demanded immediate delivery or further guaranty that future deliveries would be made appears to be contradictory to the point of absurdity. The averment that the plaintiff, a foreign corporation, then proceeded to file its articles of incorporation in order that it might be permitted to maintain an action in the courts is a circumstance utterly irrelevant, affords no possible defense, encumbers the record, hinders a fair trial and might have created some kind of unfair prejudice against the plaintiff in the minds of the jury. Such vain attempts to embarrass the trial are not to be commended. These portions of the plea may have been stricken on motion, but as the demurrer went to the entire plea which did contain a valid defense, the demurrer should have been overruled.

The court erred in sustaining the demurrer to this plea. The third assignment of error is abandoned, and the fourth is involved in the second.

As the judgment must be reversed for the error in sustaining the demurrer to the third plea we will not discuss the first assignment of error which involves the validity of the first plea attacking the contract because of the averred wagering feature which the defendant claimed destroyed its validity.

The judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.