FRANK ANGELOZZI *v.* GARDNER B. NELSON ET AL.
[No. 110, October Term, 1928.]

*Decided February 14th, 1929.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Rowland K. Adams,* with whom were *Marchant, Adams & Hargest* on the brief, for the appellant.

*W. Carroll Hunter,* with whom was *Clyde H. Wilson* on the brief, for the appellee.

560

URNER, J., delivered the opinion of the Court.

An exception to the ruling of the trial court on proposed instructions to the jury raises the questions to be decided on this appeal from a judgment in favor of a subcontractor in his suit against the principal contractor for the breach of an agreement relating to the construciton of a sewer. The performance of the subcontract was discontinued when about half of the sewer had been completed. The plaintiff asserts that he was prevented by the defendant from continuing the work, while the defendant claims that it was voluntarily abandoned by the plaintiff because of his financial inability to pursue it to completion. It is further contended by the defendant that, even upon the plaintiff's theory that his retirement from the undertaking was involuntary, he has no legal ground of complaint in view of his own alleged breach of the subcontract by delay in its performance. The instructions granted at the instance of the plaintiff and defendant, respectively, defined and submitted the material questions of fact. As to each of the issues to be determined the evidence was conflicting.

At the plaintiff's request the court instructed the jury that he was entitled to a verdict if they found from the evidence that, while he was fulfilling the subcontract, the defendant refused to allow him to continue the work, and that the plaintiff had not violated any of the terms of the agreement and was ready, willing, and able to complete its performance in accordance with its provisions. Five instructions granted at the defendant's request were to the effect: That the verdict should be in his favor unless the jury found that he prevented the plaintiff from finishing the work under his subcontract, or that the plaintiff was unable to continue its performance "by reason of lack of capital or for any reason other than some act or default on the part of the defendant"; and that, as time was of the essence of the contract, if the jury should find that the plaintiff was dilatory in carrying on the work, and by reason of his "acts and defaults" was not in a position, at the time of its discontinuance, to complete it substantially within the period which the contract speci-

fied, then the defendant had the right to terminate the sub-contract, and the verdict should be in his favor; and that the burden was on the plaintiff to prove his case by a preponderance of evidence and particularly that he was prevented by the defendant from proceeding with the sewer construction. Three prayers offered by the defendant were refused. The first of these was an amplification of one of the instructions granted at the defendant's instance, to which we have referred, and which, in our judgment, sufficiently presented the theory sought to be elaborated.

Another rejected prayer of the defendant asked for a directed verdict for him on the theory that the evidence conclusively proved the plaintiff to have been so tardy in the prosecution of the sewer work, for a number of weeks prior to the time of his withdrawal, as to justify the defendant in terminating the contract. This prayer could not have been granted with due regard to testimony which, while opposed by evidence adduced by the defendant, tended to prove that the work was being pressed by the plaintiff with reasonable diligence under exceptionally adverse conditions. The construction of the sewer was begun by the plaintiff in December, 1926, and proceeded regularly until his connection with it ended in the following May. At that time he had a force of at least thirty-five men employed, and was using a steam-shovel and a steam-drill in the work. About twenty-nine hundred feet of sewer had then been laid, and six hundred feet of additional trench had been partially excavated, the entire length of the projected sewer being forty-nine hundred feet. According to the testimony of the plaintiff and his witnesses, an unusually hard and extensive rock formation was encountered, which retarded the operations, but he was making good progress under the circumstances, and was able and ready to complete the work within a reasonable time. In the earlier stages of the work he had hired and used an air compressor to operate the drill, and after substituting manual labor temporarily for drilling purposes, in order to save expense, he provided a steam-drill about the middle of April, and was using it in the trench when his active relation

to the work was terminated. It was testified by the city's engineer, having charge and supervision of the sewer construction, that "when a contractor runs into a section of work that is particularly and unexpectedly hard the time for him would be extended." This indulgence was in fact granted to the defendant in the completion of the sewer, and the provision of his contract with the city for a specified charge by way of liquidated damages for delay in the work beyond the designated period was not enforced. It is unnecessary to discuss in detail the evidence supporting or controverting the plaintiff's assertion that he was performing his agreement with reasonable diligence. A sufficient reference has been made to the testimony to indicate that the question was one which the jury was properly allowed to consider. For the same reason we approve of the rejection of a prayer of the defendant denying generally the plaintiff's right to a verdict.

Objection is made to the measure of damage prayer, granted at the plaintiff's request, which instructed the jury that, if they determined upon a verdict for the plaintiff, they should award him as damages "all expenses, except employee's labor paid for by the defendant, reasonably and properly incurred by him in the preparation for and the conduct of his work" and "the reasonable value of all materials furnished by him, and also such profit, if any, as the jury may find the plaintiff would have made if he had completed the contract offered in evidence, less such sum or sums of money, other than payroll, as the jury may find the defendant paid to the plaintiff on account of the whole job." It was provided by the subcontract that the plaintiff should furnish all work necessary for the construction of the sewer, and all the material required, except pipe, that the defendant should advance sufficient money for the weekly payrolls until the completion of the work, and that the plaintiff should be paid the amounts received by the defendant on monthly settlements with the city, after deductions of the cost of pipe furnished, the amount of payroll advanced, and eleven and one-half per cent. of the sum due by the city on the work performed. The defendant supplied the pipe used in the sewer

and the money needed for the payrolls, and made monthly settlements with the plaintiff for the period prior to April. For that month, and for the part of May during which the plaintiff's work on the sewer continued, the defendant claims that his advances to the plaintiff exceeded the estimated contract value of the results which he accomplished. It was testified on behalf of the plaintiff that the monthly estimates on the work were not accurate but only approximate. The damage prayer requires that due allowance be made for all payments by the defendant to the plaintiff or for his labor and material account. It limits the plaintiff's recovery to the amount of the expenses incurred by him in the construction of the sewer, and the profit, if any, which he would have earned, if he had finished the work, less the payments, other than his payrolls, which had been made to him or for his benefit. The evidence introduced by the plaintiff specified his expenses, already incurred in the sewer construction, and the probable cost of its completion. From a comparison of the total of those items with the compensation stipulated in the subcontract, it appears that a profit to the plaintiff on the whole project would have been realized. The payments by the defendant, which the damage prayer directed to be credited on the plaintiff's expenses and anticipated profits, were itemized in the evidence, and the amount of his permissible recovery was thus susceptible of calculation.

Upon the theory, adopted by the jury, that the plaintiff was unjustly prevented from completing the performance of his contract, he was entitled to such a measure of compensation as the instruction on that subject defined. The total of the expense and profit in excess of the proper credits would correctly represent his actual loss from the interference of which he complains. It is just and reasonable that a party to a contract who is injured by its breach, for which he is not responsible, should have the right to recover for his real and provable loss, and it is well settled that when the breach consists in the prevention by one party of performance by the other, the recoverable loss includes what the latter has already expended in the service contracted for, and the profits he

would earn if the interruption had not occurred. *United States v. Behan,* 110 U. S. 338; *Aitz Chaim Cong. v. Butterhoff,* 141 Md. 267; *North v. Mallory,* 94 Md. 305; *Black v. Woodrow,* 39 Md. 217; *Bush v. Construction Co.,* 88 Md. 665; *Heaver v. Lanahan,* 74 Md. 493; *Balto. & O. R. Co. v. Stewart,* 79 Md. 487.

In *Rodemer v. Gonder,* 9 Gill, 288, cited in the appellant's brief, the suit was in general assumpsit for the value of the work done under a contract providing for monthly settlements, and it was held that such adjustments were conclusive as to the value of the work which they covered. The present suit is for a breach of contract and for damages under its terms as a subsisting agreement. *North v. Mallory, supra.*

The instruction as to the measure of damages is said to be deficient in not referring to the possibility of a loss rather than a profit from the completion of the work for which the subcontract provided. It is argued that such a loss would properly reduce or perhaps extinguish the plaintiff's claim. The verdict obviates a ruling upon that point. It shows that according to the jury's conclusion a profit would have been earned. The amount awarded the plaintiff can be accounted for only upon that theory. The suggested defect in the instruction, if it were held to be subject to such a criticism, was therefore not prejudicial.

*Judgment affirmed, with costs.*