## MATTER OF CEVALLOS

### In Deportation Proceedings

A-12844327
A-12844495
A-11866690

*Decided by Board May 27, 1968*

(1) The conviction of an offense for which there is no pardoning authority within the purview of section 241(b)(1) of the Immigration and Nationality Act is not a conviction of a "crime" within the meaning of section 241(a)(4) of the Act.

(2) Hence, respondent's deportation under section 241(a)(4) of the Act, on the basis of his convictions on two occasions in 1966 in the Municipal Court, North Miami Beach, Florida, for shoplifting (petit larceny), is precluded since under Florida law the mayors of municipalities have no authority to grant a pardon for a conviction of a municipal offense nor does the Pardon Board of the State of Florida have jurisdiction to pardon such offense as under Florida law municipal offenses are not crimes.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted after entry of two crimes involving moral turpitude, to wit: petit larceny and petit larceny.

ON BEHALF OF RESPONDENT:
Gustave W. Larson, Esquire
5965 S.W. Eighth Street
Miami, Florida 33144

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The above-captioned cases are before us on certification by two special inquiry officers for review of their decisions to terminate the proceedings in the three cases. The legal issues involved in all three cases are identical and they will be considered together. The Service moves for an order by this Board vacating the orders terminating the proceedings.

The male alien, married, 27 years of age, is a native and citizen of Norway who was admitted for permanent residence at the port of New York on October 2, 1959. He has been convicted on two occasions in 1966 in the Municipal Court, North Miami Beach, Florida for shop-

lifting (petit larceny). The female aliens, mother and daughter, both married, are natives and citizens of Ecuador. They were admitted for permanent residence at the port of Miami, Florida on November 28 and November 24, 1962, respectively. They were convicted in the Municipal Court of the City of Miami, Florida on October 8, 1965 for having committed two acts of shoplifting in separate stores (petit larceny) for which offenses they received suspended sentences.

The cases of the two female aliens were before us in April of 1966. We entered an order on April 25, 1966 affirming an order entered by the special inquiry officer on December 7, 1965 terminating the proceeding. We held that the lack of a pardoning authority by the Executive Branch of the State Government of Florida to pardon municipal offenses precluded the use of the convictions as the basis for an order of deportation. We were of the opinion that the reasoning of the courts in *Gubbels* v. *Hoy*, 361 F.2d 952, and *Costello* v. *Immigration and Naturalization Service*, 376 U.S. 120, was applicable to the case of the female respondents.

The three cases were last before us in May of 1967. We then considered a motion filed by the General Counsel of the Immigration and Naturalization Service to remand the proceedings on the basis that there was additional evidence with regard to the availability of a pardon[1] for anyone convicted of a municipal offense. The cases are again before us on certification pursuant to our order of remand entered on May 11, 1967.

There are two issues presented by the three cases. The primary issue is whether the absence of a pardon authority precludes deportability under section 241(a)(4), Immigration and Nationality Act. The other is whether a conviction for violation of a municipal ordinance which is prosecuted as such and not as a violation of a state or federal statute is the conviction of a "crime" within the purview of section 241(a)(4) of the Act.

The special inquiry officer concludes with regard to the primary issue that one convicted of a violation of a municipal ordinance in the State of Florida does not have the positive right or privilege to apply for and have an application for pardon considered, and therefore, is denied a right provided by section 241(b)(1) of the Immigration and Nationality Act. The Service takes the position that the courts in *Gubbels* v. *Hoy* and *Costello* (*supra*) were concerned with an absence of authority to make judicial recommendations against deportation as provided by section 241(b)(2) of the Act, whereas the instant cases involve the absence of a pardoning authority by the Executive Branch of the State Government of Florida pursuant to the provisions of

---

[1] To be granted by the Executive Branch of the State Government of Florida.

751

section 241(b)(1). A fortiori, there is no basis for reading section 241(b)(1) together with section 241(a)(4) because subsections (b)(1) and (b)(2) refer to separate and distinct jurisdictional authorities, namely, the judiciary as opposed to the executive. Furthermore, the Service argues that since there is evidence that a pardon has in fact been issued by the supreme pardoning authority for the State of Florida in another case involving a conviction in a municipal court for the same offense involved in the three cases before us, a pardon is not precluded under the laws of Florida.

Section 241(a)(4) makes deportable an alien who has been convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether the convictions were in a single trial. Section 241(b) of the Act makes the provisions of subsection (a)(4) with respect to deportation of an alien convicted of crimes not applicable (1) in the case of any alien who has subsequent to such a conviction been granted a full and unconditional pardon by the President of the United States or by the governor of any of the several states, or (2) if the court sentencing such alien for such crimes shall make, at the time of first imposing judgment or passing sentence, or within 30 days thereafter, a recommendation that such alien not be deported.

Section 12, Article 4, of the Florida Constitution establishes a Pardon Board to issue pardons to persons convicted of crimes. The Board consists of the governor and other members of the cabinet. A pardon issued by such Board is deemed to be within the scope of the language of section 241(b)(1) of the Immigration and Nationality Act.[2] A pardon by the mayor of a city for violation of a city ordinance is an effective pardon when that person constitutes the only pardoning authority.[3]

The Attorney General of the State of Florida in his communication of January 25, 1968 takes the position that the Pardon Board of the State of Florida has no jurisdiction to issue a pardon in the instant cases because under Florida law [4] the municipal offenses committed by the respondents are not crimes. He further stated that the pardon issued in a prior case was "an act of executive courtesy" but that such a pardon "is legally meaningless." There is no authority under Florida law for the mayors of the municipalities involved to issue executive pardons.

---

[2] *Matter of D—*, 7 I. & N. Dec. 476.

[3] *Matter of C—R—*, 8 I. & N. Dec. 59.

[4] *Wright* v. *Murff*, 83 Fla. 204, 91 S. 87, *City of Miami* v. *Gilbert* (Fla. App.), 102 S.2d 818.

It is true that for the purpose of determining whether there has in fact been a conviction of a "crime" within the meaning of section 241(a)(4) of the Act it has been held that the interpretation of the misconduct by the particular state or jurisdiction involved with regard to whether it is considered a crime under their laws does not control in immigration proceedings.[5] Here, however, the jurisdictional interpretation affects a right granted an alien by Congress, namely, to avoid deportation on a criminal charge by the grant of a pardon by "the Governor of any of the several States." The Supreme Court has said that "the qualifying provisions of subsection (b) (of section 241) are an important part of the legislative scheme expressed in (section 241) (a)(4)." The Supreme Court made no distinction in the qualifying provisions of subsection (b) of section 241 in the above quotation as does the Service in their argument that there is no reason for reading section 241(b)(1) together with 241(a)(4) because subsections (b)(1) and (b)(2) do not refer to the same jurisdictional authority.

Adopting a construction of the term "crime" as used in section 241 (a)(4) which would "completely nullify a procedure so intrinsic a part of the legislative scheme"[6] as is provided by section 241(b)(1) would trench on a right granted by Congress and is not required by the narrowest of several possible interpretations of the statutes here under consideration. Ambiguities in deportation statutes should be resolved in favor of the alien.[7] We affirm the decisions of the special inquiry officers and their orders terminating the proceedings.

ORDER: It is directed that the orders terminating the proceedings herein entered by the special inquiry officers on January 10, 1967 and February 28, 1967 be and the same are hereby affirmed.

---

[5] *Flores-Rodriguez*, 237 F.2d 405, 409 (C.A. 2, 1956) ; *Babouris* v. *Esperdy*, 269 F.2d 621 (C.A. 2, 1959) ; *Wyngaard* v. *Kennedy*, 295 F.2d 184 (C.A.D.C., 1961).

[6] *Costello* v. *Immigration and Naturalization Service*, 376 U.S. 120, 127, 11 L. Ed.2d 559, 563 (1964).

[7] *Ibid*, 376 U.S. 128, 11 L. Ed.2d 564.